<hr />

### THE PEOPLE v. SOPHIE LYONS.

*Impeachment and credibility of witness.*

In seeking to impeach a witness whose reputation is well known all over the city where he lives, it is unnecessary to restrict the inquiry as to reputation to the immediate neighborhood of his dwelling-place.

A jury in a criminal case is not at liberty to convict on the testimony of one who has been conclusively shown, by impeaching evidence, to be unworthy of belief.

One cannot be examined on the assumption that he is an unfriendly witness before there is any showing to that effect or any evidence from him to warrant it.

Error to Washtenaw. (Joslin, J.) June 19:—July

LARCENY. Respondent was convicted. Reversed.

*John Atkinson* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

GRAVES, C. J. Since our reversal of the first conviction in this cause—49 Mich. 78—a second trial has taken place, resulting in a second conviction, and again the defendant alleges error. The objections are very numerous, but most of them are destitute of force. Some relate to mere matters of discretion, and others derive no support from the record. It is scarcely necessary to refer to more than one or two

points. A few other questions might merit attention, if it were likely they would arise again.

A Mrs. Lewis was a material witness for the prosecution, and her credit with the jury was a consideration of importance. And as the credibility of a witness is always in issue, the defendant submitted general evidence to prove that she was not worthy of belief, and no supporting evidence was given or proposed. She was an inhabitant of Detroit, and had been for several years, and was, moreover, a person of much notoriety. Persons of more or less prominence in different parts of the city knew of her, and many, if not all, of the chief officials connected with the police were acquainted with her. As matter of fact, she was a paid agent of the police. Her life had not been in a corner, nor was her reputation confined to any huddle. It had a degree of publicity which carried it beyond ward boundaries, and caused it to receive a considerable measure of attention in different walks and in many companies. It was a moral odor which penetrated into many recesses without being misconceived. Under these circumstances the witnesses to credit were interrogated as to her reputation in the city of Detroit. No mention was made of any minute locality or fractional division, and it does not appear to have been necessary. Greater nicety concerning the theater of her reputation was not called for. The witnesses had no difficulty. They swore that they were acquainted with her reputation for truth and veracity in the city, and that it was so bad they would not believe her under oath.

When the circuit judge proceeded to instruct the jury on this portion of the case, he gave them to understand that this impeaching evidence was entirely irregular and unwarranted because the questions propounded did not restrict the inquiry to the narrow circle or vicinity of the place which she made her home. In view of the circumstances, this opinion was wrong and misleading. It supposes that no person belonging in the city of Detroit, however generally known, can have a city reputation for veracity, either good or bad,—a proposition which is contradicted by uni-

form observation. That the evidence of what her reputation was in the city was entirely legitimate, seems hardly questionable.

In a later portion of the charge addressed to this subject of impeachment, the jury were further told that, although a witness were "completely impeached," they might still believe him; or, in other words, that they were at liberty to convict the defendant on the testimony of one who was shown, by impeaching evidence, to be unworthy of belief. Of course, it was not the intention of the circuit judge to convey that idea to the jury, but unfortunately his language was so chosen as to carry that meaning. We also think that the examination of Mrs. Brew, upon an assumption that she was an unfriendly witness, before there was any showing to that effect or any evidence given by her to warrant it, was unauthorized by the rules of evidence.

The judgment must be reversed and a new trial granted, and the defendant will be surrendered to the sheriff of the county of Washtenaw for such further proceedings as shall be necessary.

The other Justices concurred.