(98 N. W. Rep. 79.)

---

STATE OF NORTH DAKOTA *v.* WILLIAM H. HOWSER AND LIZZIE ANTHONY.

Opinion filed February 15, 1904.

**Criminal Law—New Trial—Appeal.**

> 1. An order granting a new trial in a criminal case for insufficiency of the evidence to sustain the verdict rests in the sound legal discretion of the trial court, and will not be disturbed on appeal, save in a clear case of abuse.

Appeal from District Court, Nelson county; *Fisk,* J.

William H. Howser and Lizzie Anthony were convicted of a conspiracy. From an order granting a new trial, the state appeals. Affirmed.

*George D. Kelly,* State's Attorney, and *C. N. Frich,* Attorney General, for the state.

*Townsend & Denoyer,* for respondents.

COCHRANE, J. Defendants were convicted of a criminal conspiracy. They moved for a new trial. It was granted, and the state appeals from the order granting a new trial. It is claimed that the verdict is sustained by the evidence, and that the court abused its discretion in setting it aside as against the evidence.

The rule in civil cases in this state is that an order granting a new trial for insufficiency of the evidence will not be disturbed unless there was an abuse of discretion in making it, and the reviewing court will consider and weigh the evidence only so far as may be necessary to determine the question whether the trial court acted within its discretion. *Pengilly* v. *Machine Co.,* 11 N. D. 249, 91 N. W. 63; *Dinnie* v. *Johnson,* 8 N. D. 153. 77 N. W. 612; *Gull River*

*Lumber Co.* v. *Elev. Co.,* 6 N. D. 276, 69 N. W. 691. A less liberal rule should not be applied in criminal trials where human liberty, and sometimes life, is at stake. *People* v. *Chew Wing Gow,* 120 Cal. 298, 52 Pac. 657; *People* v. *Knutte,* 111 Cal. 453, 44 Pac. 166; *People* v. *Tapia,* 131 Cal. 647, 63 Pac. 1001; *State* v. *Webb,* 41 Tex. 67; *Mullins* v. *State,* 37 Tex. 337; *Owens* v. *State,* 35 Tex. 361; Spelling, New Trials, section 239; 14 Enc. Pl. & Pr. 841. The conspiracy charged was to falsely accuse and procure one Frederick A. Grant to be complained of and arrested upon a charge of bastardy, in pursuance of which conspiracy defendants caused Zelda H. Hyde to make complaint and procure the arrest of said Grant upon the charge of being the father of her unborn bastard child. The evidence upon which the state chiefly relied to prove the fact of the conspiracy was that of Zelda Hyde and her mother, Mary Hyde. If there was a conspiracy in fact, these witnesses were parties to it and accomplices. These witnesses admitted upon the stand facts showing themselves guilty of perjury and subornation of perjury, respectively. Their statements upon the stand were contradictory, unreliable, and unsatisfactory. Frederick Grant, also a witness for the state, was contradicted as to relevant matters by six witnesses, who testified to declarations and admissions of his, contrary to the evidence given by him upon the trial. No motive in the defendants was shown for causing a false charge to be made against Grant. The acts proven against them are entirely consistent with their innocence. The trial court cannot be said to have abused its discretion in setting aside a verdict when, as in this case, the facts and circumstances proven can be as reasonably explained upon the hypothesis of defendants' innocence as upon that of their guilt. 1 Spelling, New Trials, section 239; *Bell* v. *State,* 93 Ga. 557, 19 S. E. 244; *Orr* v. *State,* (Ga.) 40 S. E. 697; *Shay* v. *State,* (Ga.) 37 S. E. 884; *State* v. *Goodson* (N. C.) 12 S. E. 329; *State* v. *Nesbit* (Idaho) 43 Pac. 66; *Territory* v. *Rehberg,* 6 Mont. 467, 13 Pac. 132. Nor where the verdict rests in essential particulars upon the uncorroborated evidence of discredited witnesses. *State* v. *Prendible* (Mo.) 65 S. W. 559; *State* v. *Huff* (Mo.) 61 S. W. 900, 908, 1104; *People* v. *Baker,* 39 Cal. 686; *Gibbons* v. *People,* 23 Ill. 518; *People* v. *Lyons,* 51 Mich. 215, 16 N. W. 380; *Owens* v. *State,* 35 Tex. 361.

    The order appealed from is affirmed. All concur.