(118 N. W. 1047.)

---

RICHARD GALVIN v. TIBBS, HUTCHINGS & COMPANY.

Opinion filed April 21, 1908.

Rehearing denied January 7, 1909.

**New Trial — Appeal and Error — Discretion of Trial Court.**

1. The granting of a new trial for insufficiency of the evidence to sustain the verdict is largely within the sound judicial discretion of the trial court, and its decision should not be disturbed except for an abuse of such discretion.

**Wrongful Sale on Execution — Exemptions — Property Obtained by False Pretenses — Punitive Damages.**

2. In an action for damages occasioned by a sale on execution of plaintiff's additional exemptions, when such sale is attempted to be justified by a claim that the debt forming the basis of the execution was contracted by reason of false pretenses, exemplary or punitive damages are not recoverable unless malice and a want of good faith are shown on the part of the party causing the sale.

**Same — Evidence of Good Faith.**

3. The good faith necessary to defeat a claim for exemplary damages may be shown in other ways than by showing a full statement of facts to counsel who advised the action complained of.

**Evidence — Best and Secondary — Decision of Bankruptcy Court.**

4. Parol evidence of the decision of a federal court of bankruptcy to show that on a hearing it had set aside certain property as exempt is inadmissible, when no reason is shown why the best evidence is not offered.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by Richard Galvin against Tibbs, Hutchings & Co. From a judgment for plaintiff and an order denying a new trial, defendant appeals.

District court directed to permit plaintiff to remit a certain amount as to which the verdict was excessive, if he does so within thirty days; otherwise a new trial granted.

*Murphy & Duggan,* for appellant.

The charge of the court, that the assertion as a fact of that which it not true by one who has no reasonable ground for believing it true, constitutes deceit, is good law.   Mooney v. Davis, 42 N. W. 802; Hudnut v. Gardner, 26 N. W. 502; Judd v. Weber, 11 Atl. 40; Claflin v. Com. Ins. Co., 110 U. S. 81; Wheeler v. Barr, 6 Ind. App. 530; Moyer v. Lederer, 50 Ill. App. 54; Flower v. Brumbach, 23 N. E. 335; Lobdell v. Baker, 35 Am. Dec. 358; Haight v. Hayt, 19 N. Y. 464; Caldwell v. Maxfield, 64 N. W. 166; Fuller v. Elevator Co., 2 N. D. 220, 50 N. W. 359; McMillan v. Aitcheson, 3 N. D. 183, 54 N. W. 1030; Mead v. Conro, 8 Atl. 374; Garrett v. Greenwall, 4 S. W. 441; Sandwich Mfg. Co. v. Feary, 33 N. W. 485; Jones v. McWattey, 11 S. E. 554; Miller v. Ry. Co., 30 N. W. 580; Dow v. Wells, 11 Fed. 132; Griffin v. Ry. Co., 60 Atl. 863; Phillips v. Laughlin, 50 Atl. 64.

Docket record and parol evidence of a judgment are not the best evidence.   Amundson v. Wilson, 11 N. D. 193, 91 N. W. 37; Strecker v. Railson, 16 N. D. 68, 111 N. W. 612; Noyes v. Belding, 59 N. W. 1069; Miller v. Durst, 86 N. W. 631; Jones on Ev. section 199.

*B. G. Skulason,* for respondent.

Verdict will not be disturbed when evidence is conflicting. Gull River Lbr. Co. v. Osborne, McMillan El. Co., 6 N. D. 276. 69 N. W. 691; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Magnusson v. Linwell, 9 N. D. 154, 82 N. W. 746; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; State v. Howser, 12 N. D. 495, 98 N. W. 352.

Burden is on defendant to show that debt was incurred for property obtained under false pretenses.   Revised Codes 1905, section 7125; Wagner v. Olson, 3 N. D. 69, 54 N. W. 286; Murphy v. Sherman, 25 Minn. 196; German Bank v. Folds, 68 N. W. 747; Noyes v. Belding, 59 N. W. 1069; State v. Carson, 43 N. W. 361; Sears v. Hanks, 14 Ohio St. 298; State v. Stewart, 9 N. D. 409, 83 N. W. 869; Bracket v. Griswold, 112 N. Y. 454; Curtis v. Hoxie, 59 N. W. 581; Eaton Co. v. Avery, 83 N. Y. 31.

To obtain punitive damages actual malice need not be shown; legal malice is sufficient. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558; Castile v. Ford, 73 N. W. 945; Matteson v. Monroe, 83 N. W. 153; Murray v. Mace, 59 N. W. 387; Cronfeldt v. Arrol, 52 N. W. 857; Stonestreet v. Crandell, 62 Pac. 249; Holt v. Van Eps,. 1 Dak. 198, 46 N. W. 689.

Whether defendant's agent communicated all facts to counsel in ordering attachment was for the jury. Merchant v. Pielke, 10 N. D. 48, 84 N. W. 574; Kolka v. Jones, supra; Struby v. Kyes, 48 Pac. 663; Jonasen v. Kennedy, 58 N. W. 122; Chicago v. Ross, 69 Ill. App. 123.

Evidence going to the matter of notice and malice in attachment proceedings is an exception to the best evidence rule. Wigmore on Ev. section 1252; Bulger v. Ross, 12 So. 803; Foxworth v. Brown, 24 So. 1; Davis v. Walker, 27 So. 313; East v. Pace,. 57 Ala. 521; St. v. Scott, 31 Mo. 121; Helfrich v. Stein, 17 Pac. St. 143; Stewart v. Massengale, 1 Tenn. 379; Parker v. Chancellor, 15 S. W. 157; 2 Enc. of Ev. 285, 287.

SPALDING, J. This is an appeal from a judgment in favor of the plaintiff and an order of the district court of Grand Forks county denying defendant's motion for a new trial.

The action was brought to recover damages claimed by reason of the levy on and sale under execution of certain personal property belonging to the plaintiff, claimed by him to be exempt. The defendant justifies the sale under the claim that the firm of which the plaintiff was a member had secured the credit and goods for which the debt was owed from it under false pretenses, by reason of which the plaintiff was not entitled to those exemptions known as additional exemptions, included in which were the goods sold by the defendant. These false pretenses are charged to have been made through certain financial statements given by plaintiff's firm to several mercantile agencies, for the information of their subscribers, among whom was the defendant, and by means of one statement made to the defendant itself. It is claimed that these various statements grossly exaggerated the assets of plaintiff's firm, and gave its liabilities at a materially smaller sum than they in fact were and that by reason of relying upon the truthfulness of such representations the defendant was induced to extend the credit on which the judgment was recovered, and execution complained of.

was issued.  Twenty-three errors are assigned as having occurred on the trial, but all except three are abandoned in the brief of the appellant.  They are:  (1) That the evidence is insufficient to justify or sustain the verdict.  (2) That the court erroneously submitted the question of punitive damages to the jury.  (3) That the court erred in admitting parol evidence of a judgment or decision of the federal bankruptcy court, holding the property levied upon exempt.

1. We have carefully considered the evidence as to its sufficiency to sustain the verdict, and are satisfied that the evidence conclusively shows the material falsity of the statements rendered to the mercantile agencies and to the defendant; but there is claimed to be a conflict in the evidence as to the knowledge and honesty of the plaintiff's firm in making such statements.  While the writer is of the opinion that this court would be warranted in holding and should hold, that there was fraud, as a matter of law, by reason of which the verdict should have been vacated (Bigelow on Fraud, 513-520), yet the majority of the court thinks there is a substantial conflict, and that therefore the rule generally followed by appellate courts, namely, that when a new trial is applied for upon the alleged insufficiency of the evidence to support the verdict, and there exists a conflict in the evidence, the granting or refusing to grant it is largely within the sound judicial discretion of the trial court, and its decision should not be disturbed except for an abuse of such discretion (Pengilly v. Case Mfg. Co., 11 N. D. 249, 91 N. W. 63), and that, as far as the sufficiency of the evidence has a bearing upon our decision, the judgment should be sustained, except for one reason, hereafter referred to.

2. Prior to the levy on the property of the plaintiff, plaintiff's firm had been declared bankrupts, and we gather from the record and briefs that there had been a contest in the federal court as to whether they were entitled to exemptions, and counsel for the plaintiff was permitted to inquire what the decision of that court was, and answers were received to the effect that the federal court set aside the property sold by the defendant as exempt to plaintiff. The admission of this evidence was clearly erroneous, but, excepting in so far as it went to the question of punitive or exemplary damages, it was without prejudice, for the reason that the charge to the jury instructed it that the right to exemptions depended upon the truthfulness of the financial statements rendered defend-

ant and the mercantile agencies, and on the honesty of plaintiff's firm in making them. This evidence was not collateral. Except for the charge of the court, it would have had a material effect upon the verdict of the jury, as tending to show that another court had held these goods exempt, leaving the inference that it had held them exempt as to the claim of the defendant. It was not introductory because it was not followed by the introduction of the judgment or order of the federal court. Section 7292, Revised Codes 1905; Amundson v. Wilson, 11 N. D. 193, 91 N. W. 37; Strecker v. Railson, 16 N. D. 68, 111 N. W. 612, 8 L. R. A. (N. S.) 1099; Wigmore on Evidence, section 1253.

3. The verdict was for $627. A simple computation shows the verdict to be just $100 in excess of the highest valuation placed upon the property, with interest added. The verdict must then have included at least $100 as exemplary damages. The right to damages of this kind depends upon malice on the part of the defendant. As we read the evidence, it discloses nothing indicating malice, except the parol evidence to which we have referred under subdivision two. Of course, if a court having jurisdiction of the person and the subject-matter had held that the property in question was exempt as against the debt owed the defendant, and that fact was known to the defendant when it caused the levy and sale to be made, and the judgment of such court was still in full force and effect, then it would be quite clear that the defendant was proceeding in defiance of law, and that it could have no purpose in making the levy and sale except to harass, annoy, and oppress the debtor; but, eliminating the evidence of the holding of the federal court, we repeat that nothing is left indicating anything except honest belief on the part of the defendant that plaintiff's firm had procured credit by means of false and fraudulent representations. A representative of the defendant testified that he was present at the bankruptcy hearings, heard the evidence as to their liabilities and assets, that he made an examination of their books and stock of goods, and that he acted in causing the levy to be made, upon the information so obtained. It is argued by the respondent that the evidence does not sufficiently show that defendant's representative made a complete and full statement to counsel of the facts on which the sale was advised by counsel, and that therefore the showing is not sufficiently full to relieve the defendant from liability for punitive damages. It is unnecessary to consider

whether the statements made to counsel were properly shown by the evidence or not. Lack of malice can be shown in other ways than by showing that a party followed the advice of counsel. We find from the competent evidence nothing indicating malice and nothing from which malice can be inferred as a matter of law. The evidence shows that the defendant was justified in believing the financial statements false. It conclusively shows that they were relied upon as the truth, that plaintiff's firm commenced business a few months before his statement was made, on a little more than $1,000 capital, and the first statement showed assets aggregating over $11,000 after deducting exemptions, and that the bankruptcy proceedings resulted in the estate paying only 5 per cent. of its indebtedness. So we say there is nothing shown to indicate that the defendant did not act in good faith throughout the proceeding. Malice cannot be inferred, even though the parties acted mistakenly, unless they acted under such circumstances as to charge them with legal malice.

We therefore conclude that the verdict was excessive in the sum of $100. The district court is directed to permit the plaintiff to remit $100 of the judgment entered, if he does so within 30 days after the clerk receives the remittitur. If the plaintiff fails to remit this sum, a new trial is granted. Let each party pay his own costs. All concur.

FISK, J., being disqualified, did not sit on the argument of this case nor take any part in the decision thereof; Hon. W. J. Kneeshaw, Judge of the Seventh Judicial District, sitting by request.