(123 N. W. 518.)

---

OLE H. NILSON v. G. W. HORTON, L. E. HORTON AND W. H. HORTON, CO-PARTNERS AS HORTON & COMPANY.

Opinion filed November 6, 1909.

**Appeal and Error — New Trial — Insufficiency of Evidence.**

1. The granting or refusing of a new trial for insufficiency of the evidence to sustain the verdict is largely within the sound judicial discretion of the trial court, and its decision should not be disturbed except for an abuse of such discretion.

**Same — Conflicting Evidence.**

2. Where the evidence is conflicting, and there is evidence legally sufficient to sustain the verdict under the instructions given, the verdict cannot be said to be contrary to such instructions.

Appeal from District Court, Traill county; *Pollock,* J.

Action by Ole H. Nilson against G. W. Horton and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*F. W. Ames* and *Bangs, Cooley & Hamilton,* for appellants.

*Chas. A. Lyche,* for respondent.

CARMODY, J. This is an appeal from a judgment in favor of the plaintiff and an order of the district court of Traill county denying defendant's motion for a new trial. The action was brought to recover damages for breach of an express contract of

warranty, alleged to have been made by defendants upon the sale to the plaintiff of a certain gray mare. All the negotiations for the sale, from its inception to its consummation, were had by the plaintiff with one Chris. Kopseng, the authorized agent of the defendants. It is alleged by plaintiff: That, at the time of the purchase of the mare, Kopseng represented and warranted her to be sound and free from all infirmities; that upon the strength of the warranty he was induced to and did purchase the mare, paying therefor the sum of $135; that at the time of such purchase the mare was afflicted with the disease known as "glanders;" and that she communicated the disease to four other horses belonging to the plaintiff, all of whom were destroyed by the official authorities. The plaintiff seeks to recover for the loss of the five horses and for certain other special damages. The defendants denied the warranty of the mare, and claimed that plaintiff bought her upon his own responsibility, after a trial of several days, that the plaintiff did not rely on any warranty made by the defendants, but relied wholly upon his own judgment, and did not purchase until after a full and fair trial. The case was tried before a jury, who found for the plaintiff. Upon the verdict so rendered, judgment was entered against the defendants for the amount of $754, being the value of the five horses destroyed and interest thereon. Two errors are assigned: (1) That the evidence is insufficient to justify the verdict. (2) That the court erred in overruling defendants' motion for a new trial; the evidence being insufficient to sustain the verdict, and the verdict being strictly against the law as laid down by the court in its charge relating to the sale of personal property on trial.

We are of the opinion that neither of them can be sustained. We have carefully considered the evidence as to its sufficiency to sustain the verdict, and are satisfied that there is a substantial conflict, and that therefore the rule generally followed by appellate courts, namely, that when a new trial is applied for upon the alleged insufficiency of the evidence to support the verdict, and there exists a conflict in the evidence, the granting or refusing to grant it is largely within the sound judicial discretion of the trial court, and its decision should not be disturbed except for an abuse of such discretion. Pengilly v. Case Mfg. Co., 11 N. D. 249, 91 N. W. 63; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; State v. Howser, 12 N. D. 495, 98 N. W. 352; Galvin v. Tibbs, Hutchins

& Co., 17 N. D. 600, 119 N. W. 39. Where the verdict rests upon evidence of a substantial nature, it is not error to refuse a new trial because of its alleged insufficiency. State v. Foster, 14 N. D. 561, 105 N. W. 938. This court will not reverse an order denying a motion for a new trial for the alleged insufficiency of the evidence to justify the verdict when the verdict is supported by evidence of a substantial nature. Libby v. Barry, 15 N. D. 286, 107 N. W. 972.

In their brief defendants say: "While the evidence respecting the existence of glanders in the mare at the time she was bought would undoubtedly have sustained a verdict for the defendants on that issue, still there is probably sufficient evidence upon that question to sustain the verdict for the plaintiff; but we earnestly contend that the evidence shows conclusively that the mare was not bought in reliance upon any warranty of soundness, but that she was first taken upon trial, used for several days, and then purchased solely upon the plaintiff's own judgment as to her fitness and condition." On the question of warranty, plaintiff testified substantially as follows: That about April 20, 1905, he wanted to buy a horse and went to the office of defendants to see if they had one for sale. Chris Kopseng was there, and said they had a good mare for sale. Plaintiff went with Kopseng and looked at the mare and asked the price. Kopseng said $135, and that he would guarantee the mare to be sound in every way. Plaintiff left the barn and in about 10 or 15 minutes went back and took the mare on these conditions. He would not have bought her only for the warranty which induced him to purchase the mare. He settled for her by note with Kopseng. On cross-examination he testified that in April, 1905, he went to Hatton to buy a horse, saw Kopseng, and asked him if they had a good horse to sell. He said, "Yes, a good mare." He said himself that he would guarantee the mare or warrant her; that he would warrant her to be sound and true in every respect. He said plaintiff could take the mare out on trial and keep her until he was satisfied with her and then come in and settle for her. Plaintiff took the mare out and tried her, and had her about a week before settling for her. He gave the note April 24th. The reason plaintiff did not give the note before was that Kopseng said plaintiff could give the note when he took the mare, or he could take her out and try her; if she was not satisfactory, he was not going to keep her, and that is why he did not give the note at the time he took her from Hatton. When Kopseng came

out after the note, plaintiff was drilling, said the mare was satisfactory, pulled well, seemed full of life, appeared to be a good animal, worked along with his other horses, and kept up with them. On redirect examination he testified that when he took the mare to try her, it was to see if she would work with his other horses, and whether she was adapted for farm purposes. At the time he gave the note he was still relying upon the warranty of the defendants.

On behalf of the defendants, Chris. Kopseng testified on the question of the warranty substantially as follows: On April 15, 1905, at Hatton, N. D., plaintiff asked Kopseng if he had a horse for sale. He said, "Yes," and took plaintiff to the barn to look the mare over. Plaintiff said he liked her, and asked Kopseng if she was broken to be driven by ladies. Kopseng said, "Yes," and said he would guarantee the mare to be sound and true in every form, shape, and manner, to be hooked to any machinery except a heavy load, which he did not know whether she was used to or not because she was a light animal for a heavy load. They talked for a while, and Kopseng asked plaintiff if he wantad the mare. Plaintiff hesitated and asked if he could try her. Kopseng answered that if plaintiff was not satisfied with his guaranty he could take and try the mare at his farm for seven or ten days. Plaintiff said on these conditions that he would take her. He took the mare, and on April 24th Kopseng went out to plaintiff's farm, where he was working the mare on a drill. Kopseng asked if he liked her, and plaintiff said that she was fine—just as good as any of his own, if not a little better according to size. Kopseng then asked plaintiff if he was satisfied to sign a note in settlement of the mare. Plaintiff said he was and signed the note. Kopseng testified that on the said 15th of April he made the following entry in the day book: "April 15, 1905. Debtor Ole H. Nilson. The gray Erickson mare. To be settled when tried." On cross-examination he testified as follows: "Q. You said that Nilson did not want to accept your guaranty? A. Yes. Q. And what did he say? A. He says, 'Can I take that mare out for trial.' I says, 'Yes, keep her 7 or 10 days,' or I says to him to 'Come in and settle when it is convenient for you, or, if not, I will take a trip down and get a note signed.' Q. He told you that he didn't pay any attention to the guaranty, did he? A. He certainly did. Because he would not settle for the mare on them conditions, before he tried the mare."

This is substantially all the evidence on the question of the warranty. On this evidence we think the jury was warranted in finding the verdict for the plaintiff, and the court did not err in refusing to set the verdict aside for insufficiency of the evidence

The only other error complained of is that the verdict is strictly against the law as laid down by the court in its charge. The evidence as to the warranty is conflicting, and, as there is evidence legally sufficient to sustain the verdict under the instructions given, the verdict cannot be said to be contrary to such instructions. 29 Cyc. 820, and cases cited under note 34.

Finding no error in the record, the judgment and order appealed from are affirmed. All concur.