MILTON KAVANAUGH, a Minor, by P. J. Kavanaugh, His Guardian ad Litem, Respondent, v. A. J. NESTLER, Appellant.

(177 N. W. 647.)

**Appeal and error — new trial — supreme court will assume trial judge found evidence insufficient in absence of memorandum.**

1. Where the order granting a new trial recites that it is granted for the reason, among others, that the trial court is "of the opinion . . . that the evidence is insufficient to support the verdict," the supreme court, in reviewing the order, must assume that the trial court, in ruling on the motion for a new trial, determined that the evidence was insufficient, and exercised his discretion in favor of such motion, even though he did not prepare and file a written memorandum stating the grounds on which his ruling was based, as prescribed by § 7945, Comp. Laws 1913.

**Appeal and error — new trial — discretionary with trial judge.**

2. When a motion for a new trial embraces the ground that the evidence

does not justify the verdict, the motion, upon such ground, is addressed to the sound judicial discretion of the trial court; and the order made thereon, based upon such ground, will not be reversed in this court, unless the record discloses a case of abuse of discretion. This is especially true in cases where a new trial is ordered in the court below.

**Appeal and error — no abuse of discretion in granting a new trial.**

3. It is *held* that there was no abuse of discretion in ordering a new trial upon the ground of insufficiency of the evidence in this case.

Opinion filed April 12, 1920. Rehearing denied May 8, 1920.

Appeal from Burke County, *Leighton, J.* Verdict for defendant. From an order granting a new trial defendant appeals.

Affirmed.

*B. L. Wilson* and *Palda & Aaker,* for appellant.

The question of whether a driver has been guilty of negligence in causing an injury is one of fact for the jury's determination. 4 Ann. Cas. 399.

A pedestrian has the right to presume that a driver of an automobile will exercise proper precaution. In a like manner a person operating an automobile has the right to act upon the assumption that every person whom he meets will exercise ordinary care and caution, according to the circumstances and will not negligently or recklessly expose himself to danger. Weil v. Krutzer, 24 L.R.A.(N.S.) 557; Arseneau v. Sweet, 106 Minn. 257, 119 N. W. 46; Seaman v. Mott, 110 N. Y. Supp. 1040, 24 L.R.A.(N.S.) 559.

The question of proximate cause is one-of fact for the jury where the injury depends upon a state of facts from which different minds might reasonably draw different inferences. Chambers v. Soo R. Co. 37 N. D. 377; Felton v. Midland Continental R. R. Co. 32 N. D. 223.

No one but a jury can rightfully pass on the question of how an ordinary prudent man would act under like circumstances. Arseneau v. Sweet (Minn.) 119 N. W. 46; Orr v. Gorabold, 85 Ga. 373; McNamara v. Beet, 21 Ind. App. 483; Coombs v. Purrington, 42 Me. 332; Riley v. Farnum, 62 N. H. 42; Myers v. Lewis, 43 Mo. App. 417; Birkett v. Knickerbocker Ice Co. 110 N. Y. 504.

*Ben Combs* and *Greenleaf, Wooledge, & Lesk,* for respondent.

It was also proper to instruct that if the driver of defendant's machine saw, or should have seen, that another automobile was approaching from the opposite direction, and that between the two, plaintiff, who

was on foot, would be placed in a dangerous position, it was his duty to stop until the danger was past, and that his failure to do so rendered the defendant liable, even though in keeping out of the way of the other machine plaintiff inadvertently stepped back too far and in front of defendant's. 157 Fed. 521; New York Transport Co. v. Garside (Circuit Court of Appeal, Second Circuit, November 7, 1907.)

"It was negligence for the operator of the automobile not to stop it when he had the chance to do so, upon seeing that collision with a pedestrian was imminent." 50 So. 449.

"He must run his car only at such speed as will enable him to entirely stop it to avoid collision." Erwin v. Judge (Conn.) 71 Atl. 572.

PER CURIAM. Plaintiff brought this action to recover damages alleged to have been caused by defendant's negligence. The jury returned a verdict for the defendant. Plaintiff made a motion for a new trial. The motion was granted and defendant has appealed.

. The evidence shows that on October 15, 1917, about 5 o'clock in the afternoon, the plaintiff, a boy about thirteen years old, was struck and knocked down by an automobile owned and operated by the defendant. The accident occurred on the highway about a mile or a mile and a quarter northwest of Carpio in this state. The plaintiff and the defendant were both traveling in the same direction. The view between them was unobstructed for a distance of at least three fourths of a mile. The defendant admits that he saw the boy for a distance of at least 60 feet immediately before striking him. At the place where the accident occurred the highway was approximately 16 feet wide. On the right-hand side of the highway, as the plaintiff and defendant were traveling, was a so-called railroad ditch. Coming along the same highway in the opposite direction were two automobiles going at a rather rapid rate of speed. The plaintiff was walking within a distance of from 2 to 4 feet of the railroad ditch. The defendant, according to his testimony, was driving the car at a very low rate of speed. Shortly before the boy was struck they were met by the first automobile, and the plaintiff was struck and knocked down by the defendant's automobile just as the second automobile was meeting them. There is some evidence to the effect that the day was quite windy. It is undisputed that the plaintiff was knocked down, and that the defendant himself ex-

tricated the plaintiff from under the automobile and took him to plaintiff's home, where he was placed in bed and a physician called. Upon the question of the extent of plaintiff's injuries the evidence was very conflicting.

As already stated the jury returned a verdict for the defendant. The plaintiff thereupon moved for a new trial on the ground, among others, that the evidence was insufficient to support the verdict, and the particulars in which the evidence was claimed to be insufficient was recited in detail. In the order granting a new trial, the trial court stated that a new trial was ordered because he was "of the opinion that the verdict is against law and contrary to the evidence and instructions of the court, and that the evidence is insufficient to support the verdict."

Section 7945, Comp. Laws 1913, provides: "With all orders granting or refusing a new trial the judge shall file a written memorandum concisely stating the different grounds on which his ruling is based, and unless the insufficiency or unsatisfactory nature of the evidence is expressly stated in such memorandum, as a reason for granting the new trial, it shall be presumed, on appeal, that it was not on that ground."

The record on this appeal does not contain any memorandum as prescribed by this section. It will be noted, however, that the order granting a new trial recites the grounds upon which the ruling was based, and, among others, it is stated that the court was "of the opinion . . . that the evidence is insufficient to support the verdict."

The purpose of § 7945, Comp. Laws 1913, was to obviate the rule formerly existing, that "where no reason is given by the trial judge for the order granting a new trial, if the evidence was conflicting and insufficiency of the evidence was one of the grounds of the motion, it will be presumed on appeal that it was granted because of insufficiency of the evidence, and the order will be affirmed." Spelling, New Tr. & App. Pr. § 237. See also Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. In this case there is no room for the application of presumption. We are not in the dark as to the reasons why the trial court granted a new trial. The reasons are specifically stated in the order. The purpose sought to be accomplished by the statute has been achieved. Manifestly we cannot say that insufficiency of the evidence was not a reason for granting a new trial, when the order which is assailed on the appeal expressly says that it was.

It is settled by the overwhelming weight of authority, in all states having statutes similar to ours, that a motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound legal discretion of the trial judge, and that an order granting or refusing it will not be disturbed unless it appears that there has been a manifest abuse of discretion. Spelling, New Tr. & App. Pr. § 237; Hayne, New Tr. & App. Rev. ed. § 97. The rule has repeatedly been announced and applied by this court. See Gull River Lumber Co. v. Osbrone McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Galvin v. Tibbs, H. & Co. 17 N. D. 600, 119 N. W. 39; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397.

In Gull River Lumber Co. v. Osbrone McMillan Elevator Co. supra, this court said: "We need only call attention to the familiar rule that where a motion for a new trial is made in the trial court upon the ground that the verdict is not justified by the evidence, such motion is addressed to the sound discretion of the tribunal which heard and saw the witnesses, and therefore had advantages in weighing the testimony which are not possessed by an appellate court. In such cases, and especially where the verdict is set aside, and a new trial granted, an appellate court will not reverse the order merely upon the ground that there was some conflict in the evidence. The application for a new trial upon such ground being addressed to the sound discretion of the court below, an order of that court will not be reversed unless the record discloses a case of abuse of discretion. This is especially true where a new trial has been granted. This rule has long since passed the boundaries of debate. See Hayne, New Trial, § 97, and cases cited in the notes to said section."

In Pengilly v. J. I. Case Threshing Mach. Co. supra, this court said: "Under such circumstances a margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. Unrighteous verdicts sometimes are supported by apparently

substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice. The rule that governs a court of review in this class of motions—*i. e.*, those which appeal to judicial discussion—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New. Tr. § 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases. The duties devolving upon a court of review in this class of cases are to be distinquished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. . . . In the case at bar the order appealed from granted a new trial. Such orders, when based upon the insufficiency of the evidence, are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits."

The rule thus announced is supported by the overwhelming, and we might say unanimous, weight of authority. See Hayne, New Tr. & App. Rev. ed. § 97; Spelling, New Tr. & App. §§ 237, 238, and authorities there cited.

As pointed out in Pengilly v. J. I. Case Threshing Mach. Co. supra, the granting of a new trial does not finally dispose of the case. Nor does it deny the right of trial by jury. On the contrary the discretionary power is vested in the trial judge to the end that he may see that a fair and impartial trial by jury is had.

We are not aware of any error of law occurring upon the trial of this case which justified a new trial. We are also of the opinion that, under the evidence, negligence, proximate cause, and contributory negligence, were questions for the jury. But a careful consideration of

the evidence leads us to the conclusion that the trial court did not abuse its judicial discretion in ordering a new trial on the ground of insufficiency of the evidence.

Order affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL and ROBINSON, JJ., concur.

GRACE, J. (dissenting). We agree, it is well settled by the weight of authority, that a motion for a new trial is addressed to the sound, legal discretion of the trial judge, and that an order granting or refusing it will not be disturbed, unless it appears there has been plain abuse of discretion. This case, however, does not come within that rule.

It is also granted that the rule applies to an order granting a new trial, on the ground of the insufficiency of the evidence. The discretion, however, exercised by the trial court, must be a sound, judicial discretion, and where the record, like this, affords nothing upon which such discretion rests, it is plain there is an abuse of such discretion.

It is conceded by the majority opinion that there is no error at law in the record; that the instructions of law, as given by the court, were correct; at least, they afforded no ground for prejudicial, reversible error.

It is also conceded there was no error in the reception, nor in the exclusion of evidence offered. It must also be conceded, and we think it is, that the evidence is amply sufficient to support the verdict.

The action was one for damages against the defendant, for alleged negligence in the operation of a certain automobile, which, while being operated by him, was propelled against the plaintiff, who was, to some extent, injured. Among other defenses of the defendant, was that of contributory negligence of the plaintiff.

The questions of negligence and contributory negligence were each, exclusively, questions of fact for the jury; and, after having been instructed as to the law of negligence and contributory negligence, it was its exclusive right and duty to determine those questions. It did do so, and returned a verdict in favor of the defendant, thus finding that he was not guilty of negligence.

The evidence, as a whole, clearly shows that the verdict is sustained

by it. The evidence, as a whole, shows that there is no insufficiency of evidence to support the verdict. In such case, it is plain the trial court abused its discretion in granting a new trial.

It is clear that the discretion exercised by the court was not a judicial, but an arbitrary, one, and one entirely and wholly unwarranted by the evidence in the case.

To permit the exercise of such an unwarranted and arbitrary discretion, one wholly and entirely unsupported by any evidence, or any incident in the trial, is virtually to strike down the right of a jury trial, and the benefit derived thereunder, and to defeat the defendant's constitutional right thereto; or if it can be held that a case, such as this, is not the exercise of an arbitrary, unwarranted discretion, it finding absolutely no support in the record, then no case could arise in which it could be said that a discretion exercised was an arbitrary one.

The right of trial by jury is the great bulwark of personal liberty and individual rights. The functions of the jury are, wholly and entirely, separate and distinct from those of the court, and, in the case of a trial by jury, unless there is error at law in the record, or unless the verdict of the jury is not sustained by substantial evidence, its verdict should be decisive upon questions of fact.

There are, perhaps, quite a number of people, and perhaps, certain classes of litigants, and perhaps, some courts, who think, that law and justice would be better and more scientifically administered by the courts alone, exclusive of the jury; that the determination of facts, as well as the law, should be, exclusively, a function of the court, and such as they bewail the alleged ignorance and prejudice of the juries, which of course do not exist.

But, for all this, the fact still remains that the jury, drawn, as it is, from the body of the people, remains the greatest bulwark of personal liberty and individual rights. So thought the fathers of our country, when they incorporated that principle in our Federal Constitution; that principle is a part of the Constitution of every state of the Union. It is the principle which protects the weak against the strong, the poor against the rich. It is a great equalizer of rights, and, in the last analysis, it is intended to be a protection, even against the powers of the court.

The case being wholly free from error, the judgment should be affirmed.

BRONSON, J., concurs.