[File No. 6160.]

F. R. GRIFFIN, Respondent, v. IMPLEMENT DEALERS MUTUAL FIRE INSURANCE COMPANY, a Corporation, Appellant.

(250 N. W. 780.)

Opinion filed October 25, 1933.

*George A. Bangs,* for appellant.
*Jacobsen & Murray,* for respondent.

BURR, J. Plaintiff seeks to recover upon a policy of fire insurance for $4,800.00 issued to her on a stock of goods situated in Redelm, S. D., claiming that while said goods were insured and on April 12, 1930, they were totally destroyed by fire and that at said time they were worth the value of $7,670.00, that she "duly fulfilled all the conditions of said insurance on her part," giving to the defendant "due notice and proof of the fire, and loss aforesaid, as required by said policy;" that the defendant took the position at all times that it was not liable on said policy, refused to pay and "waived the furnishing of proof of loss," and otherwise waived any provisions of the policy not complied with by the plaintiff. She further alleges that she had no other insurance upon the property; that the value of the property destroyed exceeded the total amount of the policy and so she asked judgment in the sum of $4,800.00 with interest at six per cent. from the time of loss.

The defendant answered denying generally and then specifically alleged the policy of insurance issued by it was of such character that it was "controlled and governed by the laws of the State of South Dakota;" that such policy included "The South Dakota Standard In-

ventory and Iron Safe Clause" which required the insured to take an inventory of stock insured at least once every twelve months during the term of the policy; that the plaintiff violated such clause; that the policy provided the company should not be liable beyond the actual cash value of the insured property at the time of such loss and that such loss was to be ascertained according to its actual cash value with proper deduction for depreciation, and should in no event exceed cost of replacement, that if there was any difference between the parties as to the value appraisers should be appointed in accordance with the provisions of the policy and that there has been no ascertainment of the actual cash value, no difference with respect thereto between the plaintiff and defendant; that the amount of the loss has not been determined, that the amount due on the policy is not due until sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been made. Defendant further alleges that plaintiff failed to give due notice of loss as required by the policy; did not separate the damaged and undamaged personal property as required, did not make a complete inventory and otherwise did not complete or fulfill the requirements of the policy.

Plaintiff replied that she gave such notice of facts regarding the loss as was required by the duly authorized agent of the defendant and it was satisfactory to it, that she complied with the provisions of the policy, that the property insured was inventoried, its value ascertained in accordance with the usual method, mode and manner used by the parties hereto in previous cases of insurance and accepted by the defendant, and that where inventories were made the defendant flatly refused to accept them and led the plaintiff to believe that any further act therein "would constitute an idle ceremony."

The case was submitted to a jury and at the close of the trial defendant moved for a directed verdict which was denied and the jury returned a verdict for the plaintiff for $3,825.00, judgment was entered in the sum of $4,418.76. Defendant moved for a judgment notwithstanding the verdict or for a new trial, which motion was denied and thereafter defendant appealed from the judgment, and from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

There are about eighty specifications of error with various sub-divi-

sions grouped under several heads and it is impracticable to set forth all of them. However the "ultimate facts" as claimed by appellant show that the alleged errors consist of numerous allegations to the effect that the plaintiff violated the "Iron Safe Clause," did not comply with the other provisions of the policy, that there was no waiver, or estoppel on the part of the defendant, and that there were numerous errors in the introduction of testimony and in the charge given by the court.

There is no need to dwell upon whether the policy issued was a South Dakota contract or a North Dakota contract. The defendant alleges that the policy is controlled and governed by the law of the State of South Dakota, the court construed it in accordance with the law of South Dakota, and the respondent says the case was submitted to the jury on that principle.

One reason for the insistence of the South Dakota character of the policy is the presence in the contract of what is called the "inventory and iron safe clause." It was made the condition of the insurance that the insured should take an inventory at stated times, keep a set of books and that the books and inventory should be securely locked in a fireproof safe—or in some secure place not exposed to a fire which would destroy the buildings where such business is carried on.

Defendant says that the court in substance instructed the jury that "as a matter of law the plaintiff had established by the evidence: (1) That she made inventories which complied with the policy requirements; (2) that she made these inventories at the time as required by the policy." The charge of the court does not bear out this assertion. The court set forth the condition of the policy requiring the assured to take an inventory and the manner in which this should be taken and also that the books and inventory should be "securely locked in a fireproof safe, etc.," and stated that this is the important part of the case. The court also said that a non-waiver of that provision would make the policy void. The court submitted to the jury the question whether the books were kept in a fireproof safe; but in defining a "fireproof safe" did not limit the plaintiff to one required to be fireproof in fact, but one which the plaintiff had a right to consider and did consider was fireproof, leaving to the jury to determine from the evidence whether there was a compliance with such provision in the furnishing

of the safe that was furnished. It is conceded that the contents of the safe were destroyed by the fire. There is a good deal of testimony in regard to actions of the plaintiff in the manner of disposing of important papers, but all these matters were submitted to the jury and we find there was sufficient evidence upon which the jury could find that the plaintiff did in fact and in good faith believe the safe to be fireproof. The plaintiff is not an insurer of the safe. See Liverpool & L. & Globe Ins. Co. v. Kearney, 180 U. S. 132, 45 L. ed. 460, 21 S. Ct. 326.

With reference to the preparation of the inventory, the court stated that these provisions of the policy should be construed strictly against the insurer, and liberally in favor of the insured. The court charged the jury that these provisions could be waived by the parties after the fire, though "no waiver shall be implied from an investigation of the cause of the fire." Defendant charges that the court, in opposition to the holding of the South Dakota Supreme Court as to the construction to be placed upon the "iron safe clause," charged the jury that such provision should be construed strictly against the insurer. The charge of the court does not bear this interpretation. The court was instructing the jury as to the non-waiver agreement and it was with reference to this agreement that he said the provisions should be construed strictly against the insurer.

Much is said in regard to the failure to present the proof of loss required by the policy. The court instructed the jury that where the defendant "acted upon whatever notice which it got for the loss, after the fire, and proceeded to adjust the matter and indicated that it would settle, if it did so, then it had power to determine the question of waiver" and further instructed that if it found the defendant had waived that provision there would be no "forfeiture of the policy with respect thereto, and the defense would not be available."

Appellant attacks the proof with reference to the question of waiver of provisions as shown by the acts of the company and its authorized agents after the fire. Also the testimony in regard to proof of loss and value of the property destroyed. The attack is leveled against the sufficiency of the evidence and also incompleteness of instructions of the court regarding the same as well as erroneous instructions.

The transcript consists of over 350 pages of testimony and the oral

instructions over 20 additional pages of the transcript. Manifestly it is impossible to set forth the testimony and the instructions in full.

We have examined the testimony in regard to all the points raised wherein it is said to be insufficient to support the verdict and we find there is evidence of a substantial character justifying the submission of the case to a jury. Hence the verdict of the jury is controlling in this respect. The jury having found in favor of the plaintiff, we accept this verdict, and assume the defendant waived complete compliance with the provisions of the contract, and that the value found is the true value. Where the evidence is conflicting, and there is evidence legally sufficient to sustain the verdict under the instructions given, the verdict cannot be said to be contrary to such instructions, and where the verdict is attacked on the ground of insufficiency of the evidence to sustain it, it will be sustained unless the trial court in the exercise of a sound judicial discretion considers the evidence insufficient to justify the verdict. Nilson v. Horton, 19 N. D. 187, 123 N. W. 397 and cases cited; Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690.

The trial court was requested to grant a new trial on the ground of the insufficiency of the evidence, and saw fit to deny the motion, thus confirming the verdict of the jury.

We have examined the instructions of the court in the light of the charge of "incompleteness" and do not find the charge substantiated.

Among the provisions of the contract of insurance was that the same should be void "in case of any fraud or false swearing by insured touching any matter or relating to this insurance or the subject thereof, whether before or after a loss." Appellant insists that plaintiff violated this provision because in a statement of her loss sworn to in October, 1930, and presented to the defendant, she swore the value of the property destroyed was $7,670.00; in her testimony at the trial she testified several times that it was in excess of $7,000.00; and that the verdict of the jury establishes a matter of law, that the value of the property destroyed was only $5,100.00. Appellant says also that the testimony of the plaintiff with reference to a demand for duplicate invoices was flatly contradicted and therefore untrue, and that her testimony relative to the purchase and price of some of the stock through the medium of her brother's store at Mahto shows a barefaced fraud.

It cannot be said as a matter of law that where the owner of prop-

erty testifies as to its value and a jury thereafter finds a value less than the value testified to by the owner that this conclusively establishes perjury and false swearing. The court charged the jury that if they found "any witness has wilfully and knowingly testified falsely as to any material fact in issue in this case, you have a right to wholly disregard the testimony of such witness" unless supported by creditable testimony, direct or circumstantial. The jury could not have disregarded her testimony even though it may have come to a conclusion different from what she testified as to value. We find no specific request for instruction on this point nor do we find the record justifies the assumption that there was deliberate false swearing.

Appellant says the court was in error in refusing to give fifteen requests for instructions and cites in addition thereto twenty-one additional particulars wherein it claims the court erred in its instructions.

Defendant had asked the court to instruct the jury regarding the nature of the insurance company; that the policy constituted the entire contract between the parties; that the policy was a South Dakota policy; that previous oral negotiations were superseded upon the signing of the contract; that a solicitor had no authority to waive warranties; that the "iron safe clause" has for its purpose the facilitating of the ascertainment of the extent of the loss and to enable the insurance company to ascertain with substantial certainty the value of the stock destroyed, and further safeguards the interests of both parties; that the non-waiver agreement was a valid agreement; that the law of South Dakota required the insured to present for examination as often as required the books, bills and invoices, etc., in order to ascertain the loss, and provides that the agent is not held to have waived any provision by proceeding to examine the books and other vouchers, where the originals are lost; that the South Dakota law provides the policy was accepted subject to the stipulation that no officer or agent had power to waive any of its provisions.

It is true these requests are marked refused; but the court in substance gave a sufficient charge with reference thereto so as to inform the jury correctly regarding the nature of the policy; the law governing the same and the relative rights and duties of the parties. To set forth the requests in full and the charge would unduly extend the opinion. Where the court gives sufficient and adequate instructions on

the subject desired, it is not error to deny a request for further instruction along the same line. Collard v. Fried, 41 N. D. 242, 170 N. W. 525; Vollmer v. Stregge, 27 N. D. 579, 147 N. W. 797.

With reference to the twenty-one alleged errors in the instructions, the appellant says the court erred in instructing the jury that while the policy was for $4,800.00 and plaintiff asked interest from April 12, 1930, she should have interest from June 12, 1930, and was entitled to interest. There is no error in this injurious to the defendant.

Appellant says the court erred in instructing the jury as to some of the conditions of the insurance, when the court read the provisions to the jury, particularly the provisions requiring the taking of an inventory at least once every twelve months, and the keeping of a "set of books," etc., in an "iron safe." The court charged the jury that the plaintiff had to comply with these provisions, and the policy would be void in case she did not. The court then instructed the jury to the effect that even if the plaintiff did not comply with this provision, but the defendant knew she did not and with full knowledge of the non-compliance proceeded to lead the plaintiff to believe the policy would be paid, put the plaintiff to expense in connection with the furnishing of evidence of loss and the other expenses incidental to the presentation of her claim, the jury had a right to determine whether it was estopped from asserting the forfeiture provision of the policy. The court proceeded to instruct the jury as to what constituted forfeiture, and that the forfeiture provisions were for the benefit of the insurer, and could be waived. The court also instructed as to waiver of the non-waiver agreement and the waiving of the stringent requirements, regarding the notice of loss, proof of loss. These could be waived. See Ley v. Home Ins. Co., post, 200, 251 N. W. 137, decided this term. After reading the whole charge we find that the court fairly and fully presented such features to the jury, and that the verdict has support in the evidence.

The defendant charges as error the instruction of the court that the burden of proof is upon the plaintiff and that she must overcome the defense by fair preponderance of the evidence. We find no error in this respect. The burden of the proof was upon the plaintiff.

But defendant says there is not a sufficient statement of the burden of proof; no definition or statement of what is legally construed as an

inventory, or set of books, nor a fireproof safe, nor "some secure place," nor waiver, nor estoppel.

There is nothing in the charge to the jury in any of these matters which would be misleading and it must be assumed the jury was of sufficient intelligence to determine what an "iron safe" is and what a "set of books" may be. Every word used does not need to be the subject of a definition and the allegation that the charge is incomplete cannot be sustained.

The case is a voluminous one, was closely tried, and critically examined. Many grounds for allegation of error in the rulings on evdence disappear when the whole record is read. After an examination of the whole record we are satisfied that there was a fair trial, that the jury was fairly and properly instructed, that the verdict is sustained by the evidence, and therefore the judgment should be affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.