Albert MISCHEL and Magdalen Mischel,
Plaintiffs and Respondents,

v.

Anton VOGEL, Vogel Plumbing & Heating,
and Monson Contracting Company,
Defendants and Appellants.

No. 7822.

Supreme Court of North Dakota.

April 24, 1959.

Rehearing Denied May 7, 1959.

Rausch & Chapman, Bismarck, for plaintiffs and respondents.

Conmy & Donahue, Bismarck, for defendants and appellants.

STRUTZ, Judge.

This is an appeal from an order denying the defendants' motion for judgment notwithstanding the verdict after a verdict for the plaintiffs, and from an order granting the plaintiffs a new trial.

The plaintiffs, who owned a small home in the city of Bismarck, decided to have their home modernized and contracted with the defendant Vogel to install a sewer line from their home to the city sewer, which is located in the street in front of the home. The defendant Vogel sublet to the defendant Monson Contracting Company that portion of the contract providing for the excavation for the connecting sewer. In excavating for such connecting sewer, it was necessary not only to cross a gas service line coming into the plaintiffs' home from the gas main in the street, but it was also necessary to cross the gas main which was located in the street at a point nearer the plaintiffs' home than the main sewer.

There was testimony to show that, in excavating for the connecting sewer line, the employees of the Monson Contracting Company hit the gas service line with their excavating machine. This line was found to be bent, but was not broken in any way. The operator of the excavating machine denied that he had hit this gas service line. There also was testimony that the gas main, at a point where the sewer trench crossed the gas main, was damaged, bent, and cracked; but there is no direct testimony in the record to show that the defendants had damaged this line in any way. The plaintiffs further introduced testimony to show that the ground, from the point where the gas main was bent and cracked, to the foundation of the house, was saturated with natural gas.

There was no direct testimony to show that the defendants had hit the gas main, but it was found to be in a damaged condition. That portion of the gas main, at the point where the defendants excavated under it, is in evidence as Plaintiffs Exhibit 8. An examination of this exhibit shows that the gas main was not only bent at this point but that it obviously had been struck a blow severe enough to make a deep indentation in the pipe at the exact point where the break occurred and where the defendants excavated under the gas main for the connecting sewer line.

Under these facts, the jury returned a verdict in favor of the plaintiffs for $2,000 and a verdict on the defendant Vogel's counterclaim for $290, that being the balance due on Vogel's contract with the plaintiffs. After the verdict, the defendants made a written motion for judgment notwithstanding the verdict on the ground that the verdict of the jury was based on mere conjecture and inference and that there was no evidence which would support a verdict for the plaintiffs in any amount. The plaintiffs also moved for a new trial, requesting that it be granted solely on the question of damages or, in the alternative, that such new trial be granted on all of the issues.

The trial court denied the defendants' motion for judgment notwithstanding the verdict and denied the plaintiffs' motion for a new trial on the question of damages only, but the court did grant the plaintiffs' motion for a new trial on all of the issues. This appeal thereupon was taken by the defendants from the order denying the defendants' motion for judgment notwithstanding the verdict and from the order granting the plaintiffs' motion for a new trial.

The first question to be determined by this court is whether there is any evidence which would sustain any verdict for the plaintiffs, or if the defendants' motion for judgment notwithstanding the verdict should have been granted. There is no direct evidence to show that the defendants damaged the gas main. The operator of the defendants' digging machine emphatically denied having hit the gas main. However,

the operator of such excavating machine also denied that he had hit the gas service line, but there is positive evidence to the effect that he did hit the service line. Therefore, the jury might well have concluded that, since he denied hitting the service line when they, from the evidence, found that he did hit it, he might also have struck the gas main and caused the damage to the main resulting in the escape of the gas. There is evidence (Plaintiffs Exhibit 8) that the gas main was damaged in some manner, and evidence by plaintiffs' witness Bartolina that gas escaping from such damaged main had saturated the ground from the point of the break to the home of the plaintiffs.

It is well settled that, on a motion for directed verdict or judgment notwithstanding the verdict by the defendants, the evidence must be construed most favorably to the plaintiffs. Johnston v. Johnson, 225 Iowa 77, 279 N.W. 139, 118 A.L.R. 233; Auen v. Kluver, Iowa, 95 N.W.2d 273. A motion for judgment notwithstanding the verdict admits the truth of the evidence given by the party against whom the verdict is asked, and also admits inferences and conclusions which can reasonably be deduced from such evidence. Schantz v. Northern Pac. R. Co., 42 N.D. 377, 173 N.W. 556.

Thus all of the plaintiffs' evidence must be taken as true, in the consideration of the defendants' motion for judgment notwithstanding the verdict, and all inferences and conclusions which can reasonably be drawn from the plaintiffs' evidence must be admitted as true.

It is well settled that, while negligence of defendants must be proved and will never be presumed merely from proof of the accident and proof that the plaintiffs were damaged thereby, and that the burden is on the plaintiffs to present evidence of the defendants' negligence from which reasonable men may conclude that, on the whole, it is more likely that the negligence of the defendants caused the accident than that it did not, yet that does not mean that there must necessarily be eyewitnesses to the defendants' negligent conduct. Negligence proximately causing the plaintiffs' damages, like any other fact, may be proved by circumstantial evidence. The old saying, "There is no man who would not accept dog tracks in the mud against the sworn testimony of a hundred eyewitnesses that no dog passed that way," still is true.

While the evidence in this case is not strong, we believe there is evidence on which the jury could find a verdict for the plaintiffs. It is only when the evidence is so one-sided that reasonable men can reach but one conclusion, that the appellate court will set aside an order of the trial court denying a motion for a directed verdict and judgment notwithstanding the verdict.

Counsel for defendants also assigns as error the granting of the plaintiffs' motion for a new trial, which motion was based on the insufficiency of the evidence to justify the verdict and the inadequacy of the verdict, defendants contending that the plaintiffs had failed to show any of the causes for a new trial as required by Rule 59 of the Rules of Civil Procedure.

The question of whether a new trial ought to be granted because of the inadequacy of the damages is within the sound, judicial discretion of the trial court.

This court has held that, on a motion for new trial on the ground of insufficiency of the evidence, the trial court's discretion should be exercised in the interests of justice; and if it appears to the trial court that, under the evidence in the case a verdict is inadequate to do justice, it is within the discretion of the trial court to set aside the verdict and to order a new trial. Olson v. Thompson, N.D., 74 N.W.2d 432; Deschane v. McDonald, N.D., 86 N.W.2d 518.

The plaintiffs introduced evidence in this case to show that the house which was damaged by fire was worth $8,000 immediately before the fire, and nothing immediately afterward. The plaintiffs fur-

ther introduced testimony to show that the personal property damaged in the house was of the reasonable value of $7,000 immediately before the accident, and nothing immediately after. The general rule is that the proper measure of damages for injury to a building is the difference in value of the injured structure immediately before and immediately after the event complained of. Engel v. Dunn County, 273 Wis. 218, 77 N.W.2d 408; Walters v. Iowa Electric Co., 203 Iowa 471, 212 N.W. 884. This court has held that the proper measure of damages to personal property is the difference in market value immediately before and immediately after. Hermes v. Markham, N.D., 60 N.W.2d 267; Imus v. Huber, N.D., 71 N.W.2d 339.

■ While there was some evidence to discredit the plaintiffs' testimony in regard to values fixed by them, and while the jury might well have found that the plaintiffs' evidence on values was too high, it is clear that if the plaintiffs are entitled to recover at all the damages awarded by the jury were inadequate.

■ When the evidence discloses that the damages awarded by a jury are inadequate to a degree incommensurate with substantial justice, a new trial may be granted under the statute providing that a trial court may grant a new trial for insufficiency of the evidence to justify the verdict. N.D. R.C. 1943, 28–1902, subd. 6; Olson v. Thompson, N.D., 74 N.W.2d 432; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240.

This court has often held that the only question for this court to determine on appeal from an order granting a new trial is whether the trial court abused its discretion. Nilson v. Horton, 19 N.D. 187, 123 N.W. 397; Kavanaugh v. Nestler, 45 N.D. 376, 177 N.W. 647; Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240.

■ In determining whether the trial court improperly granted a new trial to the plaintiffs on the ground that damages awarded were grossly inadequate, the Supreme Court will review the evidence to determine whether the discretion exercised was legal and reasonable and, if found to be legal and reasonable, the order granting a new trial will be sustained even though the trial court would have been justified in reaching a different conclusion. Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240.

■ An order granting a new trial on the ground of insufficiency of the evidence will not be reversed as readily as an order denying a new trial, since such order granting a new trial does not make final determination of the case. Olson v. Thompson, N.D., 74 N.W.2d 432. The appellate courts are much more reluctant to interfere with the action of a trial court in granting a new trial than they are to interfere when a new trial has been denied. Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240; Kohlman v. Hyland, 56 N.D. 772, 219 N.W. 228; Blum v. Standard Oil Co., 68 N.D. 329, 279 N.W. 764.

Under the facts disclosed by the record, we cannot say that the trial court abused its discretion in denying the defendants' motion for directed verdict and judgment notwithstanding the verdict, and in granting the plaintiffs a new trial.

The orders appealed from therefore are affirmed.

SATHRE, C. J., and TEIGEN, MORRIS and BURKE, JJ., concur.