AMANDA WHITE, Appellant, v. ROSALIA NAFUS, Appellee.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE: CUMULATIVE EVIDENCE. Newly discovered evidence which is cumulative as to testimony given by a witness of the adverse party upon cross-examination may be ground for a new trial, though the testimony given be incidentally favorable to the moving party.

2. ————: ————: MATERIALITY. In an action for the probate of a will, one of the witnesses thereto testified, in behalf of the plaintiff, that the testator signed the will in his presence, and that he attached his signature thereto in her presence. The other witness, who was the law partner of the first witness, stated on cross-examination that the will was signed at the office while his partner was at home sick, and that he took the will to the residence of his partner, and the latter there attached his signature as a witness in the absence of the testator. *Held*, that newly discovered evidence tending to corroborate the above testimony of the second witness upon cross-examination was material, and of sufficient force to warrant the court in granting a new trial upon the motion of the contestant.

*Appeal from Lucas District Court.*—HON. CHARLES D. LEGGETT, Judge.

WEDNESDAY, JANUARY 27, 1892.

ACTION to secure the probate of the will of Permelia Reynolds, deceased. The trial resulted in an ·order for probate, which being set aside and a· new ·trial granted, the plaintiff appeals. *Affirmed.*

*Mitchell & Penick,* for appellant.

*Stuart & Bartholomew,* for appellee.

GRANGER, J.—I. The probate of the will was ·contested, the plaintiff being proponent, and the defendant contestant, in the proceeding.

.1. NEW trial: newly-discov-ered evidence: cumulative evidence. The issue presented and tried in the district court was only as to the formal or legal execution of the will under the ·statutory requirements. The witnesses to the execution of the will are N. B. Gardner and G. W. Alexander, who were, at the time of the purported execution, law partners, in whose office the will is claimed to have been written and signed. It seems to be conceded that Mrs. Reynolds signed the purported will by her. mark, and the controversy seems to be whether or not her ·execution of it was properly witnessed. The record ·also concedes that the signatures of both Gardner and Alexander are genuine, but a much disputed fact is

whether or not Gardner saw Mrs. Reynolds sign the instrument, or attached his signature to it in her presence. The case has been twice tried to a jury, each trial resulting in a verdict for the plaintiff. The last verdict was set aside, and a new trial ordered, because of newly discovered evidence; and the assignments argued to avoid the action of the court are: "*First.* The court erred in holding that the newly-discovered evidence of said Dawson was not merely cumulative. *Second.* The court erred in holding that the newly-discovered evidence of said Dawson was of sufficient force and materiality to justify the granting of a new trial."

At the trial both Gardner and Alexander were witnesses for the plaintiff, and their testimony is in direct conflict as to material facts in the case; Gardner's being, in substance, that he wrote the will at the direction of Mrs. Reynolds, that she signed it in his presence, and that he attached his signature as a witness in her presence. In fact his testimony, if believed, would justify a probate of the will. Alexander's testimony, in substance, is, that, when Gardner was sick at his home, Mrs. Reynolds came to the office, saying that Gardner was to write a will for her; that he looked for and found it; that she made her mark to the will in his presence, and he attached his signature as a witness in her presence, and then took it to the residence of Gardner, who in the absence of Mrs. Reynolds attached his signature as a witness; that he then returned with it to the office and read it to Mrs. Reynolds for the first time, and she disapproved of its contents, saying "It wasn't the way she wanted her last will." The particulars of the testimony of Alexander, as set out, appear in the cross-examination.

The newly-discovered evidence for which the new trial was ordered is that of one W. N. Dawson, and appears in his affidavit as follows: "I, W. N.

Dawson, being duly sworn, on my oath say that I am a resident of Chariton, Lucas county, Iowa, and have been for about thirty years last past; that I was personally acquainted with N. B. Gardner and G. W. Alexander, and have known them for about ten years last past; that I was also acquainted with Permelia Reynolds in her lifetime; that, about the fall or winter of 1882 and 1883, I was in the office of Gardner & Alexander, in Chariton, Iowa; that, while I was in the said office, G. W. Alexander was present, when Mrs. Permelia Reynolds came into said office and inquired of G. W. Alexander if her will was ready for her, or words to that effect, when G. W. Alexander replied that he thought it was, and started as if to get it for her; that I know that, at the said time, N. B. Gardner was sick at his home, and that he was not able to attend to business, and that he was not then in the office. I further say that I made the above statements to O. A. Bartholomew for the first time on this twenty-fifth day of January, 1890, and that all of the said statements are true, as I believe.

"W. N. DAWSON."

Conceding the evidence of Dawson to be cumulative of that of Alexander, as drawn from him on a cross-examination, a controverted legal proposition is presented,—whether or not the rule, that a new trial will not be granted for newly-discovered evidence that is merely cumulative, will apply to the above state of facts, or has its application alone to evidence that is cumulative of that offered by the party seeking the new trial? The object of a cross-examination is not to establish facts in behalf of the party permitted to cross-examine, but it is to test the value of the statements made on the direct examination; and it is always within certain lines or limitations which the direct examination may fix or prescribe. It is true that such an examination may sometimes furnish proof of facts

VOL. 84—23

favorable to the other side, but it is only incidental; and the direct and cross-examinations constitute evidence for the party calling the witness. To our minds, it would be a harsh and unjust application of the rule to say that newly-discovered evidence shall not be ground for a new trial because cumulative of evidence incidentally favorable to the party on cross-examination. In many cases, such evidence, because of its meagreness, would not be relied upon. The natural meaning or understanding of cumulative evidence, as applied to new trials, is evidently that to be added to evidence before used by the party to establish the same particular fact; that is, the party shall not make one attempt to establish the fact by evidence, and, failing, have a new trial to make another attempt by additional evidence.

The case of *Simmons v. Fay*, in 1 E. D. Smith, 107, contains a *dictum* favorable to the appellant's view. It is a bare statement, without argument or authority to sustain it, and, believing that its application would in so many cases operate as a denial of justice, we are not disposed to be governed by it. We think the testimony offered is not cumulative, in the sense that a new trial should not be granted because of it.

II. As to the sufficient force and materiality "of the newly-discovered evidence to justify the granting

2. ——: ——:    of a new trial," it may be said, that, materiality.   considering the issue and the character of the evidence on the trial, we think it of sufficient force; and its materiality could not well be questioned. On this point—that of the force of the evidence—we could not disturb the order of the district court except for an abuse of discretion; and certainly no such abuse appears. Our view on this point could well be sustained by a discussion of the evidence, which probably should not be done, in view of a new trial to follow.

To our minds, no legal grounds exist for reversing the order of the district court, and it is AFFIRMED.