(91 N. W. Rep. 59.)

---

REUBEN PENGILLY *vs.* J. I. CASE THRESHING MACHINE COMPANY.

---

**New Trial—Newly Discovered Evidence—Discretion of Court—Review on Appeal.**

Where an application to the district court for a new trial is based upon newly discovered evidence, and also upon the ground that the evidence adduced at the trial is insufficient to justify the verdict, the same is addressed to the sound judicial discretion of the trial court. In such cases the trial court will weigh the evidence, and its decision of the application cannot be governed by any fixed rules of law. Such discretion, however, is not a personal discretion of the judge, to be exercised capriciously or arbitrarily, but is a sound legal discretion.

**No Abuse of Discretion.**

On appeal from an order made in such cases the order will be affirmed unless it appears that there was an abuse of discretion in

making the same, and in such cases the reviewing court will consider and weigh the evidence only so far as may be necessary to determine the question whether the trial court acted within its discretion.

### Discretion of District Judge.

An order granting a new trial is in such cases rarely reversed, and then only upon grounds which are strong and convincing. Courts discriminate in favor of such orders because the same are not final, but are such as require a retrial of the facts and merits.

### Finding of District Court Sustained.

Applying the rules of law as above stated, it is *held* in this case that the order of the district court granting a new trial must be affirmed.

Appeal from District Court, Walsh County; *Kneeshaw*, J.

Action by Reuben Pengilly against the J. I. Case Threshing Machine Company. Verdict for defendant. From an order granting a new trial, it appeals. Affirmed.

*Turner & Lee,* for appellant.

*H. A. Libby* and *Cochrane & Corliss,* for respondent.

WALLIN, C. J. This action was brought to recover damages for a personal injury which plaintiff received while unloading a threshing engine from a flat car at Park River, N. D. The defendant is a manufacturer of such engines, and has an agency at Park River, at which the defendant's engines are kept for sale; and at the time in question one J. T. Smith was in charge of the agency, and was in the defendant's employ, and as such employe Smith had the supervision of the matter of unloading the engine in question. It appears that plaintiff had, previous to the arrival of the engine at Park River, ordered this or a similar engine of the defendant, and, when the engine reached Park River, Smith notified the plaintiff of the fact, and requested him to assist in unloading the same from the flat car. Plaintiff, upon such notice, and to expedite the delivery of the engine, did assist in unloading the engine, and in doing so was injured; and plaintiff alleges in his complaint that his injuries resulted from the negligence of Smith while acting as the agent of the defendant, in unloading the engine. At the close of the testimony, and at defendant's request, special findings, eight in number, were submitted to the jury by the trial court, and all of said findings were found for the palintiff except the seventh, which was found for the defendant, and which is as follows: "Was the plaintiff, Pengilly, guilty of any want of ordinary care which contributed proximately to his injury?" The plaintiff moved upon the minutes of the court and upon affidavits to set aside the special verdict and for a new trial of the action. The affidavits embraced evidence alleged to be newly discovered, and relating to the matter of the contributory negligence of the plaintiff. The grounds of the motion, as stated in the notice of intention, are as follows: "(1) Newly discovered evidence material to the plaintiff, and which he could not

with reasonable diligence have discovered and produced at the trial. (2) Insufficiency of the evidence to justify said verdict, in that there was no evidence whatever of the negligence or carelessness on the part of the plaintiff at any time of his injury, and that such question was not in issue upon the trial." The motion was granted by an order of the district court. The defendant has appealed from such order, and error is assigned upon it in this court.

It will be noticed that the plaintiff, in moving to vacate the verdict and for a new trial, is assailing the seventh finding of the jury, and that only. The notice of intention, by its terms, attacks the seventh finding upon two grounds, viz.: First, that there is no evidence whatever that the plaintiff, by his own negligence, contributed to the injury of which he complains; and, second, that the question of plaintiff's contributory negligence "was not in issue upon the trial." We will consider these questions in their inverse order. An inspection of the complaint shows that the plaintiff, in stating his cause of action, uses the following language: "The plaintiff further alleges that it was by or through no fault, negligence, or carelessness on his part that he met with and sustained such injury." The answer embraces a general denial of the allegations of the complaint, but contains no specific denial of the particular averment of the complaint above quoted. Upon this state of the pleadings it is contended by counsel for the plaintiff that the question of plaintiff's negligence was not involved in the controversy, and, as they argue, the jury, in finding upon that question, have introduced an issue which is extraneous, and as such should be disregarded by this court. This contention is sought to be supported by the argument that the averment in the complaint to the effect that plaintiff was free from negligence in the premises was superfluous, and hence that the same was not a material averment of fact, and therefore that the general denial contained in the answer did not raise any issue of fact upon the matter of plaintiff's contributory negligence. We agree with this contention of plaintiff's counsel in so far as they claim that it was unnecessary to insert in the complaint the averment which is above quoted. While there is a conflict of authority upon the question, the point has been settled in this state. See *Gram* v. *Railroad Co.,* 1 N. D. 253, 46 N. W. Rep. 972. In this state the question of plaintiff's contributory negligence in this class of cases is a matter of defense, and the same forms no part of the plaintiff's case, and hence need not be referred to in the complaint. In this state, therefore, the insertion in the complaint of a statement that the plaintiff's negligence did not contribute to the injury is bad pleading in this: that it violates a well-settled rule of Code pleading forbidding the anticipation of defensive matter in a complaint. But in this case it becomes immaterial to inquire whether plaintiff's negligence was in issue under the pleadings as they were framed. Whether in issue or not, technically speaking, the issue of contributory negligence was submitted to the jury by

the trial court as a matter of fact, and no objection was made to such submission. Nor does this record embrace an exception to the action of the trial court predicated upon the order submitting the question to the jury. Nor is there an exception or error assigned upon the admission of evidence relating to the matter of plaintiff's contributory negligence. Turning to the evidence relating to the matter of contributory negligence, we find in the record certain evidence offered at the trial, which, in our opinion, tended to establish the existence of contributory negligence; and it will be necessary to briefly refer to this evidence in disposing of the case. It appears that, as a means of unloading the engine, a structure was built upon an inclined plane leading from the ground to the end of the flat car. This structure, it is conceded, was properly built, and it is further conceded that Smith, who had charge of the work of unloading the engine, was a man who had previously had considerable experience in unloading such engines from flat cars. The plaintiff also had been handling threshing machines for several years prior to the accident. The engine, which was on wheels was backed off the car, and Smith at all times had control of a certain lever called the "friction clutch lever", which worked as a brake, and by its use the speed of the descent of the engine down the incline was within Smith's control. Smith also had exclusive control of the steering appliance of the engine, whereby the wheels resting upon the car and upon the structure extended to the ground could be guided and turned either way. Smith's position was on the platform where he could reach and control both the friction clutch lever or brake and the steering appliance. It seems that when the clutch lever or brake is set the engine would not move down the incline by the force of its weight alone, and that, in order to give it headway, it was necessary, or at least was deemed proper, to turn the fly wheel of the engine. At the time of the accident the plaintiff stood on top of one of the large wheels of the engine, called a traction or drive wheel, and was, when in that position, engaged in turning the fly wheel as a means of moving the engine down the incline leading to the ground. His testimony is to the effect that while so engaged the clutch lever or brake was suddenly and carelessly loosed by Smith, which act, he claims, resulted in a jerk of the engine, which threw the plaintiff off his balance, and caused him to swing his foot around between certain cogs, where it was injured. This is the only act of negligence charged. But while it is conceded that plaintiff did, as he claims, occupy a position on the drive or traction wheel when he was injured, and that he was then engaged in turning the fly wheel, there is a radical difference as between the witnesses upon the question whether the plaintiff was, when injured, in a proper position, and whether Smith knew, or should have known, where the plaintiff was standing at the time of the accident. Smith and one other witness testify, in substance, that, while the engine was partly on the flat car and partly on the structure leading to the ground,

he (Smith) had the wheels blocked so as to stop the movement of the engine, and then and there made an examination to see whether the engine was in a proper position on the platform to complete its journey to the ground with safety; and that upon such examination Smith found the conditions to be safe, and that the engine would, under the conditions then existing, reach the ground in safety. Smith and one other witness further testify that Smith, after making such examination, gave directions for the blocking to be removed from the wheels, and that all persons assisting him should thereafter keep away from the engine. The plaintiff testified that no such orders were at any time given by Smith. Smith further testified that, after giving the order to keep away from the engine, he at no time gave orders to plaintiff or any one else to approach the engine, or get upon any part of the same; and that he was unaware of the fact that plaintiff was standing upon the drive or traction wheel at the time he was hurt, and did not learn that fact until after the accident. The testimony of the defendant's witnesses is to the effect that under the then existing conditions the engine would have completed its descent in safety when controlled by the friction clutch lever, and that the turning of the fly wheel was unnecessary as a means of giving momentum to the engine down the incline. On the other hand, plaintiff testifies that he was, while engaged in turning the fly wheel, and when injured, acting in accordance with the orders of Smith so to do, and with Smith's knowledge and approval. Upon this evidence the jury found that the plaintiff's own negligence was the proximate cause of his injury, and, as we have said, the testimony, if believed, would perhaps warrant such finding. It is manifestly true that if the plaintiff, as defendant claims, unnecessarily, and after being told to keep away from the engine, mounted to the top of the drive wheel, and remained there while the engine was moving down the incline, he was in a place of some danger; and, further, that he was there of his own volition, and in disregard of orders to keep away. If the plaintiff was on the wheel unnecessarily, and against instructions, he would, in law, be deemed to have assumed all the risks incident to the position he occupied; and when hurt in that position his injury, upon the theory of the evidence, must be attributed to his own want of ordinary care. The verdict, however, rested upon substantial evidence, and possibly the evidence preponderated in favor of the verdict.

But the motion for a new trial rested upon affidavits, as well as upon the evidence adduced at the trial. The plaintiff's affidavits were five in number, and two were submitted by the defendant. Plaintiff claims that the evidence as embodied in his affidavits is newly discovered, and the same is now accessible, and would be produced at a second trial if such trial were granted. Plaintiff presented his own affidavit to show diligence and as explanatory of the fact that the new evidence, as stated in his affidavits, was not offered at the trial. We think due diligence is fairly shown. A care-

ful consideration of the plaintiff's affidavits discloses the fact that some of the newly discovered evidence would, if offered, be inadmissible under the rules of evidence; but, on the other hand, some of the same would be admissible, and would be directly pertinent upon the issue of plaintiff's contributory negligence. But defendant's counsel claims that any evidence contained in plaintiff's affidavits which would be admissible at the trial, if offered, is cumulative in character, and hence cannot be considered, when presented as newly discovered evidence, as a basis for an application for a new trial. This assumption of counsel rests upon the well-established general rule that evidence which is cumulative merely cannot, when newly discovered, furnish a ground for a new trial. But with respect to the general rule invoked by counsel it must be remembered that there is a recognized qualification of the same, which is as well supported by authority as the rule itself. The qualification or exception is this: Where the newly discovered evidence, if cumulative, is of such a nature as to be decisive of the result, it will not be rejected as a ground of new trial merely because it can be classified technically as cumulative evidence. See *Hart* v. *Brainerd,* 68 Conn. 50, 35 Atl. Rep. 776; *Keet* v. *Mason,* 167 Mass. 154, 45 N. E. Rep. 81; *Preston* v. *Otey,* 88 Va. 491, 14 S. E. Rep. 68; *Durant* v. *Philpot,* 16 S. C. 116; *Barker* v. *French,* 18 Vt. 460; *Anderson* v. *State,* 43 Conn. 514, 21 Am. Rep. 669; *Kochel* v. *Bartlett,* 88 Ind. 237; *Cleslie* v. *Frerichs,* 95 Iowa, 83, 63 N. W. Rep. 581; *White* v. *Nafus,* 84 Iowa, 350, 51 N. W. Rep. 5. But in this case some of the newly discovered evidence consists of admissions made by Smith, the agent, long subsequent to the occasion of the accident, and of other admissions made by him at or about the moment when the accident occurred. The former class of admissions by defendant's agent we think would be inadmissible in evidence, and possibly the latter would be admissible as a part of the res gestæ. None of the admissions of Smith would be cumulative upon the matter of plaintiff's contributory negligence. But we have reached the conclusion that under the facts of this case it is not the province of this court upon an appeal from the order of the trial court granting a new trial to rule decisively either upon the weight of the newly discovered evidence or to settle a somewhat dubious question as to whether some of such evidence falls within the rule or the exception to the rule relating to cumulative evidence. The order granting a new trial omits to state the grounds or reasons which operated upon the mind of the trial judge in making the order, and hence we are at liberty to consider all grounds upon which the application rested, and in doing so this court will take account of both the evidence offered at the trial and the newly discovered evidence.

An examination of the grounds of the application for the order appealed from will at once develop the fact that the trial court, in disposing of the problem presented upon the application, was not governed by fixed rules of law, and in the nature of the case could

not be governed by any inflexible rule of law. When motions of this nature are presented to a court, they are classified as motions addressed to the discretion of the court. In considering the evidence adduced or that newly discovered, no fixed rules of law exist which could be decisive of the result of the investigation. Under such circumstances a margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility. Nor, in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice. The rule that governs a court of review in this class of motions—i. e., those which appeal to judicial discussion—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Trials, § 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases. The duties devolving upon a court of review in this class of cases are to be distinguished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. See 14 Enc. Pl. & Prac. 930, 985, and cases in note 1; *Taylor* v. *Architectural Co.,* 47 Mo. App. 257. The rule applicable here is analogous to that applied where a new trial is sought on the grounds of improper remarks made by counsel to a jury; i. e., the granting or refusing the application is within the discretion of the trial court. See *Watson* v. *Railway Co.,* 42 Minn. 46, 43 N. W. Rep. 904, and *Sunberg* v. *Babcock,* 66 Iowa, 515, 24 N. W. Rep. 19. In the federal courts, as at common law, all motions for a new trial are addressed to the discretion of the trial court, and its ruling cannot be reversed. See 14 Enc. Pl. & Prac. 955. As to the application of this rule to newly discovered evidence, see Id. 982, note 3, and Hayne, New Trials, p. 250. See, also, the South Dakota cases cited in *Distad* v. *Shanklin,* 75 N. W. Rep. 205. In the case at bar the order appealed from granted a new trial. Such orders, when based upon the insufficiency of the evidence, are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way

for a reinvestigation of the entire case upon its facts and merits. See *Patch* v. *Railway Co.,* 5 N. D. 55, 63 N. W. Rep. 207; *Hicks* v. *Stone,* 13 Minn. 434 (Gil. 398); *Cowley* v. *Davidson,* 13 Minn. 92 (Gil. 86); *Morrison* v. *Mendenhall,* 18 Minn. 236, 238 (Gil. 212); also 14 Enc. Pl. & Prac. 978, 987, and cases in note 1; also, Id. p. 960.

Our conclusion is that the order appealed from should be sustained, and this court will so direct. All the judges concurring.