[File No. 6110.]

L. R. BAIRD, as Receiver of Farmers & Merchants Bank of Kensal, North Dakota, Appellant, v. KENSAL LIGHT & POWER COMPANY, a Corporation, et al., Respondents.

(246 N. W. 279.)

Opinion filed December 19, 1932. Rehearing denied January 25, 1933.

*Zuger & Tillotson,* for appellant.

*Knauf & Knauf* and *Sinness & Duffy,* for respondents.

BURKE, J. This is an appeal from an order granting a new trial. On November 16, 1928, the Farmers and Merchants Bank of Kensal, North Dakota being insolvent, L. R. Baird was appointed as receiver. At that time the Kensal Light & Power Company of Kensal, North Dakota had on deposit in the closed bank the sum of $3116.50. A claim for it was duly filed with the receiver of said bank and a certificate of indebtedness was duly issued therefor by the receiver. In the assets of the closed bank were seventeen shares of stock in the Kensal Light & Power Company of Kensal, North Dakota. On the 26th day of April, 1930, at a meeting of the stockholders of the Kensal Light & Power Company, at which meeting all stockholders, including the plaintiff, were present in person or by proxy, a resolution was adopted requiring the payment of the money on hand in the treasury of the Kensal Light & Power Company to be pro rated among the holders of two hundred twenty-three shares of stock, excluding the seventeen shares held by the Merchants Bank of Kensal from cash payment of any part of the dividends; but the amount due on the seventeen shares

held by the bank was credited on the certificate of indebtedness issued by the receiver, which represented the deposit of the Kensal Light & Power Company in said bank.when it closed. Thereafter and on the 26th day of May, 1930 the plaintiff brought this action to recover dividends which he claims to be due the bank on stock in the Kensal Light & Power Company.

Defendants answered by setting up the resolution of the stockholders of the Kensal Light & Power Company contending that it had a right to appropriate the dividend due on the plaintiff's stock and credit the same upon the plaintiff's indebtedness to the power and light company and further pleads the indebtedness of the bank to the power and light company as a counterclaim.

When the case was called for trial, the court permitted the filing of demurrers to the matter set up in defendants' answers by way of counterclaim on the ground that the same did not state facts sufficient to constitute a cause of defense. The court then overruled the demurrers. Counsel for the plaintiff then stated: "The defendant Kensal Light & Power Company states in open court that it has and asserts no counterclaim to the cause of action stated by the plaintiff in its complaint and the defendants H. P. Krag, Elma M. Krag and E. S. Krag individually, and as officers, directors and trustees of said Kensal Light & Power Company state in open court that they have and assert no counterclaim or affirmative relief against the plaintiff in this case." Counsel for the defendants stated: "With the understanding, that of course, the Kensal Light & Power Company is entitled to any dividend which may be declared by the receiver of this closed bank in behalf of that company as well as other deposits in the bank." Counsel for plaintiff stated: "By agreement of counsel for both sides, it is stipulated and the court is requested to strike out from the separate answer of the Kensal Light & Power Company, all of paragraph 3 on page 8, and all of paragraph 4 on pages 8–9, except the last clause of said paragraph 4 reading as follows: 'That the said plaintiff and bank and said receiver have paid to this defendant no part or parcel of this sum owing to this defendant' which may remain as part of the answer. It is further stipulated with respect to the separate answer of H. P. Krag, Elma M. Krag and E. S. Krag individually, and as directors and trustees of said Kensal Light & Power Company, that all of para-

graph 3 on page 8 and all of paragraph 4 on page 9 except the last clause of said paragraph 4 of the answer reading: 'That the said plaintiff bank and said receiver have paid to this defendant Kensal Light & Power Company, no part or parcel of this sum owing to said defendant.' . . . it is agreed that the cause shall be submitted to the court for determination upon the pleadings with the elimination of that portion of the answers heretofore referred to which is stricken out." The Court: "I understand it is agreed as a matter of fact between the parties that the Kensal Light & Power Company and the other defendants acting as officers have paid to the other stockholders excepting the plaintiff, $50.00 dividend at one time or at the same time, and in addition thereto the sum and amount of $7.50 to such stockholders save and except the plaintiff, and that that disposition has been made. It is agreed that that is a fact?" Counsel for defendants: "Yes; at the commencement of this action and after April 5th, 1930. No money on hand belonging to the defendant Kensal Light & Power Company, that was all paid out." The Court: "It is agreed that $12,866.38 of the assets in closing out the defendant corporation was paid to 223 stockholders, and nothing paid to the plaintiff representing a holding of 17 shares of stock, is that agreed?" Counsel for plaintiff: "That is right." Counsel for defendants: "That is my understanding, yes." The Court: "These pleadings disclose the defendant has filed its claim in due course against the receiver." Counsel for the plaintiff: "Yes, long prior to this transaction." Counsel for defendants: "And the claim was allowed."

Both sides rested. Counsel for plaintiff moved for judgment on the pleadings and for the sum of $850.00 and interest. Counsel for the defendants moved for judgment of dismissal of said action as to them and based their motion upon all the pleadings, stipulations and records made before the court.

Thereafter the court filed findings of fact that the stockholders of the light and power company had distributed to the stockholders $57.50 per share upon two hundred twenty-three shares, which included the dividends on plaintiff's seventeen shares; that the plaintiff was entitled to have and receive of the defendants its pro rata share of such dividends upon said seventeen shares and as a conclusion of law the

plaintiff is entitled to recover judgment against the defendants for the sum of $908.14 and interest at 6% since April 26, 1930.

Thereafter the defendants applied for a new trial on the grounds: (1) Accident or surprise which ordinary prudence could not have guarded against. (2) Newly discovered evidence material to the defendants which they could not with reasonable diligence have discovered and produced at the trial. In support of this motion are the affidavits (1) of H. B. Krag, who states he has for a long time been one of the directors and officers of the Kensal Light & Power Company; that the by-laws of said company were adopted in January 1919; that affiant was acquainted with the technical part of light and power production but was not acquainted with corporation management or organization; that the by-laws hereto attached and made a part of this affidavit have been the by-laws of said company at all times since its organization; that the said Farmers & Merchants Bank of Kensal became insolvent on or about November 16, 1928, being at that time the owner of seventeen shares of stock in the Kensal Light & Power Company and then being indebted to the said company in the amount of $3,116.50; that affiant conferred with his attorney with reference to the right of said company to offset any dividends upon stock which otherwise would go to the said bank, or its receiver, as against the indebtedness of said bank to the company, and was advised by his said attorney that the company had the right to make such offset, and that in all things pertaining to the declaration of dividend and setting off the indebtedness of said bank as against the dividends upon the stock held by the said bank this affiant and the other directors and officers of the said company acted in entire good faith and in reliance upon the advice given by the said attorney; that affiant is wholly unacquainted with the law pertaining to the management of corporations and wholly without knowledge of the legal significance of the provisions of the by-laws of the said company or of the respective rights of said company and its stockholders; that he attended at Jamestown, North Dakota, at the time the said case was brought on for trial, but that he was not called as a witness in said case and did not know what proceedings were had; that no one asked him anything about the by-laws of the company and that he did not have said by-laws in court, and that he did not inform his attorney of the provisions of the said by-laws

for the reason that he did not know they were of any significance and did not know the effect of the provisions thereof; that the said cause was, as affiant is now informed, submitted upon the pleadings in said case with certain stipulations made by the counsel for the parties, and that the by-laws were never introduced in evidence or brought to the attention of the court; that as affiant is now advised and believes the provisions of said by-laws would be controlling in this action and their production in court would have resulted in an entirely different decision in said action; that the decision adverse to the defendants in this case was the result of accident in that this affiant through ignorance .of the meaning of the provisions of said by-laws did not acquaint his attorney therewith nor present the same in court upon the trial of said action; that after said cause was submitted and before the decision was rendered therein this affiant went for a visit to his old home in Denmark, and that he did not return to America until this month; that in the meantime affiant's son, E. S. Krag, one of the defendants herein, had, as affiant is informed, discovered the said by-laws and had been informed of the true significance of the provisions thereof; that as soon as affiant had returned to this country and had learned of the facts, he immediately consulted with his present attorneys with a view to having said case reopened.

(2) Affidavit of E. S. Krag, a director of the Kensal Light & Power Company, who states that he was wholly unfamiliar with the provisions of the by-laws of said company and wholly unfamiliar with the significance of the provisions thereof with reference to the company's having a lien on the stock belonging to the several stockholders and that he was wholly unfamiliar with the law with reference to the right of the corporation to offset dividends declared by it as against an indebtedness owing by the stockholder to such corporation; that in making such offset as a director of said Power Company affiant acted entirely upon the advice of his attorney, who had been engaged as attorney for the company by affiant's father; that he was not present in court at the time of the trial of said action and was not called as a witness and had no knowledge of the matters which were required to be proved or which were important in such suit; that affiant did not know that the by-laws of said company were of any significance upon the trial of said action; that after judgment was rendered in said

action against the defendants, affiant was then advised of the result of the litigation; that thereupon affiant conferred with Sinness & Duffy, attorneys at Devils Lake, North Dakota, and they requested a copy of the by-laws of said company; that thereupon affiant procured a copy of such by-laws from his sister the defendant Elma Krag, and thereupon learned of the provisions of said by-laws with reference to the lien on the stock and the significance thereof; that affiant has no knowledge of the proceedings had upon the hearing in this action aside from the information furnished by Sinness & Duffy after an examination of the files in the case.

(3) Affidavit of the attorney who tried the case states that he was not informed and did not know anything about the provisions in the by-laws relating to a lien upon the stock.

The by-laws contain the following provision "provided that no stock shall be transferred until all the indebtedness of the holder thereof to the corporation if any, shall have been paid, without the consent of the board of directors, and the corporation shall have a lien upon any stock and upon any dividend due thereon held or owned by any person indebted to it as security for such indebtedness."

By agreement of counsel it is stated in open court that the defendants have no counterclaim or cause of action for affirmative relief against the plaintiff and certain paragraphs are stricken out of the defendants' answers. The defendants rely upon the right to appropriate the dividends earned by the seventeen shares owned by the said bank as a payment on the indebtedness the bank owes to the light and power company and with the pleadings so amended, it was stipulated that the case be submitted to the court on the pleadings and the stipulation made in open court. This is further shown by defendants' motion for judgment of dismissal.

Upon this showing the trial court granted a new trial and the plaintiff appeals.

It is the contention of the plaintiff that the causes named in § 7660, Compiled Laws, 1913 are exclusive; that a new trial cannot be had except for one of the causes named in the statute and the granting of a new trial on the showing made was an abuse of discretion. The causes named in the motion for new trial are those in subdivision 3 and 4, § 7660, namely: "3. Accident or surprise, which ordinary prudence

could not have guarded against. 4. Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

In the memorandum opinion, the trial judge states "the issues were submitted upon the pleadings and the stipulation of counsel made in the record. The facts of the case are not in dispute." It is clear from this record that there was no issue of fact submitted to the court for trial and decision. The only question involved was a question of law, that is, could the light and power company legally appropriate the dividends earned by the stock belonging to the bank and apply the said dividends on the indebtedness of the bank to the light and power company?

A new trial can be granted only for cause as specified in § 7660, Compiled Laws 1913. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Dubs v. Northern P. R. Co. 47 N. D. 210, 181 N. W. 606. It is also true that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and appellate court will not interfere except in case of an abuse of discretion. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Mikkelson v. Snider, 43 N. D. 416, 175 N. W. 220; Security State Bank v. Kramer, 51 N. D. 20, 198 N. W. 679; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141.

In the case of Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, supra, this court said: "The rule that governs a court of review in this class of motions—i. e., those which appeal to judicial discretion—does not apply to trial courts, and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Tr. § 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases."

In the case of McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141, supra, this court pointed out specifically that when a new trial is asked on the ground of newly dis-

covered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial, that "the exercise of reasonable diligence, therefore, is an express requirement of the statute. . . . It is to be remembered that a wide discretion is vested in the trial court in determining the weight to be given to the statements contained in affidavits upon motion for new trial. This discretion is to be exercised in determining the diligence shown, the truth of the matters stated, and the materiality and probability of the effect of them, if believed to be true." People v. Weber, 149 Cal. 325, 86 Pac. 671; Scanlan v. San Francisco & S. J. R. Co. 128 Cal. 586, 61 Pac. 271, and Hayne, New Tr. & App. §§ 87 and 89.

In Kohlman v. Hyland, 56 N. D. 772, 219 N. W. 228, this court said: "But discretion when applied to a court of justice, means sound discretion guided by law. It must be governed by rule not by humor; it must not be arbitrary, vague and fanciful; but legal and regular. 2 Hayne, New Tr. & App. Rev. ed. § 289."

From these decisions it is clearly the settled law in this state that the causes enumerated as grounds for a new trial in § 7660 are exclusive and that while the granting of a new trial is largely in the discretion of the trial court it is an abuse of discretion unless based upon at least one of the causes specified in the law.

The affidavit of the defendant H. B. Krag in support of the motion for a new trial states that the by-laws upon which he relies as evidence for a new trial were adopted in January, 1919; that he has been a director of the Kensal Light & Power Company all of the time since it was organized; that he was wholly without knowledge of the legal significance of the provision in the by-laws giving the defendant company a lien on indebtedness of the stockholders and, therefore, the decision of the court is the result of accident. There is no claim or showing in the affidavit of any surprise. The affidavit of the defendant, E. S. Krag, is to the same effect and the affidavit of the attorney who tried the case simply states that he had no information in relation to the by-laws, and there being no showing or claim of surprise, the only question on the first ground upon which a new trial is asked is, is the decision of the court the result of accident caused by a lack of knowledge on the part of affiants of the legal significance of the by-laws?

Lack of knowledge of the legal significance of the by-laws on the part of affiants was not accidental. The term accident as used in considering the grounds for a new trial denotes an occurrence out of the usual course of events, which happens suddenly and unexpectedly, and without any design on the part of the person affected thereby. 20 Cal. Jur. § 43, p. 64; Rock v. Travelers' Ins. Co. 172 Cal. 462, 156 Pac. 1029, L.R.A.1916E, 1196; 1 Hayne, New Tr. & App. (Rev. ed.) § 75, p. 372. Accident or surprise, mentioned in the statute as grounds for a new trial, is that which ordinary prudence could not have guarded against. . . . Cupples v. Zupan, 35 Idaho, 458, 207 Pac. 328; 7 Words & Phrases, 332. There is no showing of newly discovered evidence. The defendants knew about the evidence but did not know about the legal effect.

"It must be the evidence which is 'newly discovered,' and not merely its materiality. If the evidence itself was known ignorance of its materiality does not excuse. A party is bound to know the materiality of his evidence. This was laid down in Berry v. Metzler, 7 Cal. 418. The affidavit, upon which the motion for a new trial was alone based, does not state that the evidence itself was not discovered until after the trial, but only that the defendants 'were not aware of the materiality of the testimony until too late to produce it in time to use on the trial.' . . . No ground for surprise is stated. . . . The materiality of the testimony is so evident that due diligence could not have mistaken it. 'A party is bound to know the materiality of testimony known to him, except in cases of surprise at the trial. And when the party discovers new testimony before the trial, but too late to procure it, he should apply for a continuance.' " 1 Hayne, New Tr. & App. Rev. ed. § 89, pp. 413, 414.

"It is not enough to present a showing that he did not know, or did not discover until, since the trial, the materiality of the evidence. It is the evidence itself, and not merely its materiality which must appear to have been newly discovered." 1 Spelling, New Tr. § 207, p. 347.

"It may be stated, as a general principle of law, that a new trial will not be granted on the ground of newly discovered evidence, if the evidence might have been discovered by reasonable diligence in time to have been produced at the trial. And the materiality of the new evi-

dence can not be considered as an excuse for a lack of diligence." 1 Spelling, New Tr. § 209, p. 351.

In the instant case there is no showing that new evidence was discovered after the trial. The showing is that affiants discovered the materiality of the evidence after the trial. There is no showing of any diligence whatever and the materiality of the evidence cannot be urged as an excuse for lack of diligence.

The order granting a new trial is reversed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.