831 So.2d 477 (2002)
SUCCESSION OF Hellen LEE.
No. 02-CA-189.
Court of Appeal of Louisiana, Fifth Circuit.
October 29, 2002.
L. Kevin Coleman, New Orleans, LA, for appellants, May Lee Ngai and Johnny Ngai.
*478 Leon H. Rittenberg, Jr., Baldwin & Haspel, New Orleans, LA, for appellee Harry Lee, Dative Testamentary Executor.
Court composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and HENRY G. SULLIVAN, JR., Pro Tempore.
CLARENCE E. McMANUS, Judge.
The appellants, May Lee Ngai and Johnny Ngai, seek relief from the trial court's judgment interpreting the wills of Hellen Lee. We affirm part of the judgment of the trial court and agree that the May 12, 1998 will ("1998 will") did not revoke the May 11, 1995 will ("1995 will") and that all unimproved properties are bequeathed to Harry Lee and Cynthia Lee Sheng. However, we reverse the trial court's judgment in part and find that appellants are entitled to the entire contents of the credit union account.

STATEMENT OF THE CASE
Hellen Lee died on March 4, 2001 and was survived by her siblings, Frank Lee, Davis Lee, May Ngai, Virginia Lee, Margaret Sahl, Lorraine Lee and Harry Lee. Following her death, one will was located, dated May 12, 1998. The 1998 will was an olographic will and was written, signed and dated by Hellen Lee. The 1998 will bequeathed certain items and properties to "Harry and Cynthia", to "Frank, May and Johnny", to "Cheryl Welliver" and to "Cynthia". The 1998 will did not name an executor. Harry Lee applied for and was appointed as dative testamentary executor. The 1998 will was probated. Thereafter, Harry Lee found four more olographic wills which had been prepared by Hellen Lee. He requested that the will dated May 11, 1995 be probated along with the 1998 will and the other three be filed into the record. The 1995 will bequeathed all property of the decedent to Harry and Lai Lee, with a few noted exceptions with specific bequests to certain individuals. In effect, this will made Harry and Lai Lee universal legatees. In addition, the 1995 will specifically revoked all previous wills by the decedent.
Harry Lee, as executor, filed a Rule for Declaratory Judgment seeking interpretation of the wills. Only May Lee Ngai and Johnny Ngai, appellants, answered this Rule. The Rule was heard by the trial court on December 6, 2001 and a written judgment was issued on December 13, 2001. First, the trial court found that the 1998 will did not revoke the 1995 will. The trial court then interpreted those two wills. The trial court held that pursuant to the 1995 will, Harry and Lai Lee, as universal legatees, were to receive all assets, except those specifically bequeathed in the 1998 will. Pursuant to the 1998 will, the trial court held that Harry Lee and Cynthia Lee Sheng were to receive all unimproved properties. Harry Lee, Cynthia Lee Sheng, and May Lee Ngai were each to receive 1/3 of the contents of the home, including antiques and jewelry, except that bequeathed to Cheryl Welliver. Frank Lee, May Lee Ngai and Johnny Ngai were each to receive 1/3 of $1,100.00 from the credit union account. The trial court held that the balance of the credit union account was not subject to a particular legacy and would, therefore, go to the universal legatees. Frank Lee, May Lee Ngai and Johnny Ngai were also to each receive 1/3 of the Aetna Healthcare Life Insurance Policy and 1/3 of the sum from the Sheriff's Pension and Relief Fund. Margaret Sahl was designated as the beneficiary of the Pebsco annuity, which is not part of the probate estate.
May Lee Ngai and Johnny Ngai now appeal the trial court's ruling alleging three assignments of error. First, they *479 argue that the trial court erred in finding that the 1998 will of the decedent did not implicitly revoke the 1995 will. Second, they allege that the trial court erred in finding that the 1998 will bequeathed all of the unimproved properties to Harry Lee and Cynthia Lee Sheng. And third, appellants allege that the trial court erred in finding that the 1998 will bequeathed only $1,100.00 out of the credit union account to Frank Lee, May Lee Ngai and Johnny Ngai, rather than the contents that existed on the date of death.

DISCUSSION
According to Louisiana law, the factual findings of the trial court are accorded great weight and will not be set aside absent manifest error. Succession of Lovoi, 00-1391 (La.App. 5 Cir. 12/27/00), 777 So.2d 627, 628; Succession of Armstrong, 93-2385 (La.App. 4 Cir. 4/28/94), 636 So.2d 1109, 1111. This standard of appellate review applies to will contest cases. Id. We find no manifest error in the trial court's findings regarding the issue of revocation of the 1995 will and interpretation of the bequest of all unimproved properties. However, we find that the trial court erred in interpreting the bequest of the credit union account. Therefore, the trial court's judgment is affirmed in part and reversed in part for the following reasons.
Appellants first alleged that the 1998 will of Hellen Lee revoked the 1995 will.
La. C.C. art. 1607 states:
Revocation of an entire testament occurs when the testator does any of the following:
(1) Physically destroys the testament, or has it destroyed at his direction.
(2) So declares in one of the forms prescribed for testaments or in authentic act.
(3) Identified and clearly revokes the testament by a writing that is entirely written and signed by the testator in his own handwriting.
Hellen Lee created the 1998 will while the 1995 will still existed. Ms. Lee took no steps to revoke the 1995 testament when she created the new one in 1998. The 1995 will was not physically destroyed and she did not revoke the will by a signed writing in her own handwriting. Further, she did not revoke the 1995 will by authentic act and did not specifically declare in the 1998 will that the 1995 will was revoked. The decedent had prepared numerous other testaments before the 1995 will. In those prior testaments, she included a specific revocation of the other wills. Even the 1995 will states that all previous wills are revoked. However, the 1998 will does not state that the 1995 will be revoked. Thus, we agree with the trial court and find that the decedent intended that the 1995 will remain in effect. Therefore, the trial court correctly found that the 1995 will was not revoked and remained valid at the time of Ms. Lee's death. The 1998 will serves only as a supplement or codicil to the 1995 will.
Appellants next argued that the decedent intended to bequeath ½ of all unimproved properties to them. The 1998 will includes the heading "To Harry and Cynthia" and further states "All the unimproved properties I own, ½ of $1,000,000.00 American Express Air Insurance with Aunt May & Uncle Frank". Also included in the will is a heading entitled "To Frank, May & Johnny". The ½ share of the insurance policy from American Express is again mentioned under this heading and the decedent points out that it is being shared with Harry and Cynthia. However, there is no mention of the unimproved property. Appellants contend that the decedent intended that they share ½ of the *480 unimproved properties as well as ½ of the insurance policy.
We find the decedent intended to simply clarify that May Lee Ngai and Frank Lee would be sharing ½ of the insurance policy and did not intend to also bequeath ½ of the unimproved properties to them. The unimproved properties and the ½ of the $1,000,000.00 insurance policy are two separate bequests, separated by a comma. Therefore, we agree with the trial court and find that May Lee Ngai and Frank Lee are not entitled to a portion of the unimproved properties.
Finally, the appellants contend they are entitled to the full amount in the credit union checking account at the time of the decedent's death. At the time the 1998 will was written by the decedent the credit union checking account contained approximately $1,600.00. At the time of her death it contained approximately $39,000.00. The will specifically states that Frank Lee, May Lee Ngai and Johnny Ngai are to receive the credit union account and the amount of $1,100.00 is included in parentheses. Other accounts and insurance policies are listed in the will and are bequeathed to Frank Lee, May Lee Ngai and Johnny Ngai. The testator used the terms "worth" and "approx." to refer to the balances of the other accounts and insurance policies. Considering the unsophisticated nature of the olographic will written by the testator herself, we believe she intended to bequeath the entire credit union account to appellants. It appears the testator was only listing the approximate balances of the accounts, but intended to bequeath the entire accounts. Therefore, we disagree with the trial court and find that appellants are entitled to the balance of the credit union account which existed at the time of the testator's death.
For the above reasons stated, we affirm in part the judgment of the trial court which held that the 1998 will did not revoke the 1995 will and all unimproved properties are bequeathed to Harry Lee and Cynthia Lee Sheng. Further, we reverse in part the judgment of the trial court and find that Frank Lee, May Lee Ngai and Johnny Ngai are entitled to the entire balance of the credit union account, which existed at the time of the decedent's death.
AFFIRMED IN PART; REVERSED IN PART.